Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| DERWIN BORGES<br><br>Querellante - Recurrido<br><br><br>V.<br><br><br>CV CONTRACTORS LLC<br><br>Querellada - Recurrente | KLRA202400400 | *Revisión de Decisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: PON-2023-0004777<br><br>Sobre:<br>Ley Núm. 5 del 23 de abril según enmendada (Contrato Obras y Servicios) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 21 de agosto de 2024.

El 29 de julio de 2024[1], compareció ante este Tribunal de Apelaciones, CV Contractors LLC representado por el señor Harold Constantino, según resolución corporativa[2] (en adelante, CV Contractors o parte recurrente), por medio de recurso de *Revisión de Decisión Administrativa*, en el que nos solicita que revisemos la *Resolución* emitida el 3 de julio de 2024, por el Departamento de Asuntos del Consumidor, (en adelante, DACO).

Por los fundamentos que expondremos a continuación, se desestima el recurso de revisión de decisión administrativa por falta de jurisdicción.

---

[1] Traído ante nuestra atención el 12 de agosto de 2024.
[2] De entrada, es meritorio puntualizar que, según dispuesto por nuestro Máximo Foro en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825 (1980), los entes corporativos están impedidos de comparecer por derecho propio ante los tribunales, únicamente debe ser por conducto de abogados autorizados.

Número Identificador

SEN2024 _____

**I**

Es necesario destacar que, además de que la corporación no está debidamente representada por abogado, previo a incluir los hechos del caso, la parte recurrente únicamente acompañó a su recurso la *Resolución* de la cual recurre. Por tanto, los hechos a describirse son extraídos de la aludida *Resolución*.

Conforme surge de la *Resolución* emitida el 3 de julio de 2024, el presente caso tiene su génesis en una *Querella* presentada ante el DACO por el señor Derwin Borges Alvarado (en adelante, señor Borges Alvarado o parte recurrida) en contra de la parte recurrida. Según la *Resolución*, en la querella, la parte recurrida alegó que, había contratado con la parte peticionaria para un trabajo de construcción por el cual pagó en su totalidad la suma de $16,500.00. Sin embargo, el trabajo no fue culminado y el empañetado se dañó. De igual forma surge, que, en la *Querella*, la parte recurrida alegó que, en agosto de 2023 le entregó a la parte recurrente la suma de $8,000.00 para un segundo contrato en otro lugar, pero que, ante el incumplimiento del primer contrato le solicitó la devolución de la referida cantidad. En esencia, solicitó la devolución de los $8,000.00 y de la suma por el trabajo no terminado por vicios de construcción.

Por otro lado, de acuerdo a la *Resolución*, el 21 de marzo de 2024, fue celebrada una vista administrativa a la que comparecieron: el señor Borges Alvarado; CV Contractors representada por el licenciado Juan E. Medina Quintana; el señor Harold Constantino y la señora Annie Vélez, presidenta de CV Contractors.

Así las cosas, el 3 de julio de 2024, DACO emitió la *Resolución* recurrida, en la cual esbozó las siguientes determinaciones de hechos:

1. El señor Dervin Borges Alvarado (en adelante el Querellante) es propietario de una casa localizada en la Urb . El Eden solar # 15 en Coamo, P.R.

2. CV Contrators LLC es corporación autorizada a hacer negocios en P.R. se dedica a la construcción residencial e industrial en Puerto Rico, con número 487730 del Registro de Corporaciones de Puerto Rico siendo su agente residente: Annie Vélez, con dirección en Laurel del Sur 1443, calle Bienteveo Coto Laurel P.R. 00780[.]

3. En el presente caso se otorgaron dos contratos.

4. El **7 de julio de 2023** el querellante Dervin Borges Alvarado firmó contrato con representantes de la compañía CV Contractors LLC para realizar trabajo de **EMPAÑETADO** y construcción de **PARAPETO**, en la Urb. El Edén solar #15 Coamo, P.R.

5. Conforme a Cl[á]usula **Tercera:** Especificaciones de la construcción para casa en Urb. El Eden-Coamo

   a. Instalar corner bead en toda la residencia.
   b. Empañetado por dentro y fuera y área de plafón.
   c. Construcción de parapeto a vuelta redonda de la residencia.
   d. Alquiler, a la compañía CV Contractors LLC de máquina ligadora.
   e. Sólo incluye mano de obra.
   f. Cliente brindar[á] todos los materiales necesarios tales como: polvillo, cemento, celo bond color amarillo, corned bead, andamios, etc.
   g. Dejará área limpia y andamios en el área a trabajar.

   Construcción será comenzada el 25 de julio de 2023 y se espera ser terminada dentro de 35 d[í]as laborables aproximadamente, siempre y cuando las condiciones del tiempo lo permitan y el dueño tenga los materiales necesarios.

   Precio ajustado de $16,500.00. Al firmar el contrato se pagará $8,250.00; el restante $8,250.00 serán pagados al culminar los servicios de construcción.

6. Segundo Contrato:

   El 17 de agosto de 2023 el querellante Dervin Borges Alvarado firmó contrato con representante de la compañía CV Contractors LLC para realizar trabajo de **Remodelación** en propiedad inmueble - casa en la calle José I. Quintón 162 Coamo, P.R.

   **Cl[á]usula Segunda:**  La primera parte (Dervin Borges) ha contratado **la remodelación** de varias

áreas en residencia **que eventualmente será un HEAD START**.

7.  Conforme a la **Cl[á]usula Tercera** las Especificaciones para la casa en la calle José I. Quintón- Coamo.

    a.  Demolición de pared 9"x 8" en el cuarto posterior.
    b.  Remover puerta y sellar hueco con bloques de 6"; terminado en empañetado para extender [á]rea donde será demolida la pared.
    c.  Corte de pared para construir una columna que brinde resistencia a dicha pared en el cuarto posterior.
    d.  Empañetado de paredes donde serán instaladas las pizarras.
    e.  Arreglos de filos en el área de mochetas de las puertas y ventanas.
    f.  En **el Exterior** de la residencia: Empañetado solo en paredes con deficiencias (huecas, escrachadas, despegado de empañetado).
    g.  Remoción de piso levantado por raíces de árbol en lateral de la residencia.
    h.  Recogido y desechos de escombros de la remoción del piso y demolición de pared.
    i.  Colocar brea molida donde se removió el piso y área de rampa de entrada que se encuentra en tierra. Cliente proveerá la brea molida mediante contacto.
    j.  Mano de obra: cliente brindará los materiales necesarios para llevar a cabo la obra.

    La Construcción será comenzada el 21 de agosto de 2023 y se espera ser terminada dentro de 60 días laborables aproximadamente, siempre y cuando las condiciones del tiempo lo permitan y el dueño tenga los materiales necesarios.

    Precio ajustado de $16,500.00. Al firmar el contrato y para comenzar la construcción se pagará $8,000.00; el restante $8,500.00 serán pagados a plazos hasta culminar la construcción.

8.  En referencia a este segundo contrato declaró el querellante que es una casa, que ahora no es propiedad comercial pero que va a ser un pre-escolar; que lo pagó con dinero suyo, de un cheque federal. Así declaró que cheque con fecha del 11 de julio de 2023 es de una cuenta a nombre de Superhero Kids Academy LLC porque ese segundo contrato va a ser un pre-escolar, el local del segundo contrato será dedicado a negocio.

9.  En referencia a este segundo contrato el querellante declaró que entregó al querellado la mitad del total de la cantidad de $16,000.00. En este caso se trabajó tres (3) días (un día se demolió pared- otro día empañetaron y levantaron paredes nuevas) pero que[,] al ver la incongruencia entre él

y el querellado, lo incomodo que estaba con el trabajo de la casa, le detuvo la construcción.

10. Conforme expuesto en vista administrativa, el Querellante, es maestro, se dedica a la enseñanza pre-escolar de niños de más de 5 años.

11. El querellante conoció de CV Contractors LLC mediante página en internet donde encontró a éste anunciando de sus servicios. Así procedió y llamó al querellado y coordinaron encontrarse en la casa de la Urb. El Edén, solar #15 en Coamo, PR. En referencia a esta casa se contrató el que fuera empañetada y se construyera un petril.

12. De las especificaciones para la casa en la **Urbanización El Edén** y así declarado por el querellante no se hizo la Instalación del corner bead en techo de toda la residencia. Se empañetó la casa por dentro pero no se terminó el Plafón ni el empañetado por fuera; no se construyó el parapeto a vuelta redonda de la residencia. En cuanto a la ligadora, la utilizada fue la del querellante, no fue alquilada.

13. Conforme declarado por el querellante se comenzó el 26 de julio de 2023 y el 1 de septiembre de 2023 se saldó el total[,] aunque él estuvo descontento por defectos: grietas en todo el frente y lateral de la casa; humedad en las paredes (en el centro de sala). Que para ello le dijo el querellado que será normal, común. Que le solicitó al querellado que recogiera sus cosas, no se concluy[ó] el trabajo porque no le permitió entrar y que le dijo al querellado, la chivería la vamos a dejar así.

14. En cuanto al empañetado declaró el querellante estar descontento, (se desprendió de la pared lateral derecho- del centro de la casa y del techo) rompieron la tubería de agua potable que no debía romperse; que en querella no se menciona el tubo de agua.

15. En referencia al contrato de la casa Urb. El Ed[é]n en cuanto a la cláusula que indica que el cliente brindara todos los materiales necesarios tales como povillo corner bead, zero bond, andamios… el querellado hizo varios andamios, los pintó en letra anaranjado "cv".

16. Querellante declaró que durante la construcción el querellado no estaba allí todo el tiempo. El querellado declaró que siempre inspeccionaba el área, que los viernes él estaba y también estaba un foreman, que siempre hubo comunicación con el querellante hasta el momento en que no le permitió entrar, que le dijo querer cancelar el contrato. Que muchas veces teniendo a sus empleados allí el material no llegaba. Que hizo un 95% del empañetado; que quedó 2 plafones y media pared por empañetar pero que él no quiso que fueran a la

casa; que sellar el techo era el cliente quien lo haría; que se citaron para reunirse y el querellante le solicité por mensaje la devolución de $8,000.00[.]

17. El querellado declaró en vista administrativa que no se proveyó de andamio, que compr[ó] madera para hacer los andamios, que construyó varios andamios[.]

18. En referencia al contrato de la casa Urb El Ed[é]n - Coamo se estima un costo de $7,500.00 para la reparaci[ó]n de: empañetar el 50% de la estructura, instalar esquineros (corner bead), pulir paredes, empañetado de vigas, terminar dos áreas de plafón. Estimado fechado el 27 de noviembre de 2023 por HE Multiservicios- Emil Padilla Ferrer.

A su vez, en su *Resolución* la agencia recurrida dispuso lo siguiente:

**ORDEN**

Se le ordena a la parte querellada CV CONTRACTORS LLC para que dentro del improrrogable de **treinta (30) días,** a partir de la fecha de notificación de la presente Resolución, realice las siguientes indicaciones para con la parte querellante DERVIN BORGES MALDONADO:

1) Reembolse la cantidad de $ $7,500.00 por concepto de reparaciones a realizar para corregir deficiencias de contrato en la casa de la Urb. El Eden solar # 15 Coamo, Puerto Rico.

El total de la suma ordenada a pagar devengará el interés legal al tipo que para sentencias judiciales de naturaleza civil fije por reglamento la Junta Financiera, según el mismo sea certificado por el Comisionado de Instituciones de Puerto Rico y que esté en vigor al momento de emitirse la orden (Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Sec 3.20)[.]

Inconforme con lo resuelto, la parte recurrente acudió ante este foro revisor mediante *Revisi[ó]n de Resoluci[ó]n Administrativa* donde nos solicitó que revisáramos la *Resolución* emitida por el DACO. No obstante, en su escrito, la parte recurrente no realizó ningún señalamiento de error, ni incluyó una discusión del derecho aplicable.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[3].

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles,* 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó,* supra, pág. 107; *AFI v. Carrión Marrero,* 209 DPR 1 (2022); *Mun. De San Sebastián v. QMC Telecom,*

---

[3] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Íd.* Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de revisión de decisiones administrativas, la Regla 59 del Reglamento de este Tribunal, dispone lo siguiente:

*Regla 59 – Contenido del recurso de revisión*

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) [...]
(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso

de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. Además, se especificará cualquier otro recurso sobre el mismo caso o asunto que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

En cuanto al apéndice, la misma regla dispone lo siguiente:

(E)   Apéndice

(1)   El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) […]

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) […]. 4 LPRA Ap. XXII-B, R. 59.

Conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti,* 165 DPR 356, 367 (2005).

Cónsono con lo anterior, el Tribunal Supremo en *Hernández Jiménez et al. v. AEE et al.*, 194 DPR 378 (2015) expresó que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nuestra consideración.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

El 29 de julio de 2024, parte recurrente compareció ante nos mediante recurso de revisión administrativa, no obstante, esta incumplió con las formalidades sobre el perfeccionamiento de recursos administrativos que el Reglamento de este Tribunal de Apelaciones exige. Lo anterior, en la medida en que, en su recurso no realizó una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, así como un señalamiento y discusión de los errores, que a su juicio, la agencia recurrida cometió según requiere la Regla 59(C) del Reglamento de este Tribunal.[4]

---

[4] 4 LPRA Ap. XXII-B, R.59 (C).

De igual manera, la parte recurrente no acompañó un apéndice con documentos pertinentes que nos coloquen en posición de resolver el recurso de epígrafe.[5]

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente.[6] El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos.[7]

Ante el incumplimiento de la parte recurrente con las disposiciones reglamentarias, procedemos a desestimar el recurso de revisión administrativa.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de revisión de decisión administrativa por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] 4 LPRA Ap. XXII-B, R.59 (E).

[6] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.

[7] *Hernández Maldonado v. Taco Maker*, supra, pág. 290.