REYNALDO PAGÁN SÁNCHEZ y LUIS A. FRET y OTROS, demandantes y recurrentes, *v.* PARTIDO NUEVO PROGRESISTA, demandado y recurrido.

*Número:* RE-90-308         *Resuelto:* 8 de noviembre de 1990

*José Alberty Orona* y *Pedro A. Otero Fernández,* abogados de los recurrentes; el recurrido no compareció.

## RESOLUCIÓN

A la anterior solicitud de revisión, no ha lugar.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Negrón García emitió voto disidente, al cual se unen los Jueces Asociados Señores Rebollo López y Andréu García.

(*Fdo.*) Francisco R. Agrait Lladó
*Secretario General*

—O—

Voto disidente del Juez Asociado Señor Negrón García, al cual se unen los Jueces Asociados Señores Rebollo López y Andréu García.

I

Por un accidente vehicular, Reynaldo Pagán Sánchez, su esposa Olga I. Sosa Virella y varios familiares más presentaron en el Tribunal Superior, Sala de Arecibo, demanda de daños y perjuicios contra el Municipio de Ciales —representado por su Alcalde Roque Otero— el Partido Nuevo Progresista (P.N.P.) —representado por su Presidente Carlos Romero Barceló— Eurípides Rodríguez, Adán Reyes Pérez y la aseguradora Universal Ins. Co.

Contestada la demanda, el P.N.P. solicitó sentencia sumaria a su favor. Adujo que el señor Rodríguez —propietario del vehículo— y el Comité Municipal de Ciales eran los únicos responsables del accidente, conforme el Art. 61 del Reglamento del P.N.P. El foro de instancia (Hon. Juan R. Melecio, Juez) declaró sin lugar dicho pedido. Concluyó que el referido reglamento tenía fuerza y obligatoriedad entre los miembros de ese partido, pero no frente a los demandantes (terceros reclamantes poseedores de derechos reconocidos de acuerdo con nuestras leyes).

Así las cosas, continuaron los trámites. Las diferentes reclamaciones surgidas como consecuencia del accidente fueron consolidadas y se celebró inicialmente una vista evidenciaria para dilucidar la negligencia.

Oportunamente, el tribunal concluyó que el accidente ocurrió el 17 de agosto de 1984, a la 1:30 P.M., mientras el codemandante Pagán Sánchez y Luis A. Fret se encontraban frente al negocio "Guateque" —ubicado en la carretera pública que conduce del pueblo de Ciales al barrio Pueblito Cordillera— y se disponían a pintar unos dibujos de propaganda política a favor del Partido

Popular Democrático (P.P.D.) en una pared de cemento fuera de la vía pública. Específicamente, dicho foro concluyó que mientras ellos dibujaban, pasó por el lugar el codemandado Adán Reyes conduciendo un *jeep pintado y adornado con banderas alusivas al P.N.P.* El vehículo lo *usaba* el Comité Local del P.N.P. de Ciales en sus actividades políticas, y ese día en particular estaba asignado a la campaña de "Carlos en la Montaña". El tramo de la carretera era empinado y el lugar próximo a donde pintaban era una curva. El conductor del *jeep* no redujo la velocidad, se desvió, salió de la vía de rodaje y los arrolló.

El foro de instancia, como cuestión de derecho, determinó que la causa exclusiva y eficiente del accidente fue únicamente la negligencia del conductor Reyes, imputable al codemandado Eurípides Rodríguez, dueño del vehículo. También concluyó que pudo habérsele imputado negligencia al Comité Local del P.N.P. de Ciales —por tener el uso y control inmediato del vehículo— pero que dicho comité no fue traído al pleito y, por ende, no le impuso negligencia. A esos efectos determinó que el referido *jeep* estaba "siendo usado por el Comité Local de Ciales del Partido Nuevo Progresista, tanto en las campañas y actividades políticas locales como en las campañas y actividades políticas que eran de interés para el partido a nivel central . . .". Apéndice V, pág. 22.

Inconformes, los demandantes acudieron ante nos señalando como error la desestimación en cuanto al demandado recurrido P.N.P.

## II

Disentimos de la negativa mayoritaria a expedir. Procesal y sustantivamente no procedía la desestimación.

La Regla 15 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que toda acción debe interponerse por y contra las personas investidas de capacidad jurídica. Bajo nuestra Ley Electoral, un comité local o municipal de un partido político *no tiene personalidad jurídica separada* del partido debidamente inscrito. Esa cualidad le pertenece a los partidos políticos orga-

nizados en virtud de la Ley Electoral de Puerto Rico, con capacidad jurídica para demandar y ser demandadas (16 L.P.R.A. sec. 3101 y ss.). Esa "plena capacidad para demandar" fue reconocida en *P.S.P. v. E.L.A.*, 107 D.P.R. 590, 595 (1978).

Aclarado el extremo referente a que un partido político es un sujeto de derecho con capacidad para demandar y ser demandado, no es necesario indagar si como persona jurídica tiene capacidad jurídica solamente para ciertos asuntos. Nuestro ordenamiento no hace tal distinción. En consecuencia, como sujeto de derecho, dicho partido puede exigir prestaciones y debe cumplir con sus obligaciones.

## III

Conforme al Reglamento del P.N.P., surge con meridiana claridad que dicha colectividad es una organización política que se extiende a toda la isla. Esa organización y cobertura responde al propósito básico de garantizar la máxima participación efectiva de todos sus miembros. A esos efectos, el Art. 17 del Reglamento señala cuáles son los organismos que estructuran al P.N.P. En términos esquemáticos, el P.N.P. se divide en dos (2) organismos rectores compuestos, a su vez, de otras entidades, comités u organizaciones. *Existen organismos rectores centrales y locales.* Entre estos últimos se encuentran los comités locales. Además, hay otras cuatro (4) divisiones de organismos estructurales, a saber: legislativos, de mujeres y juventud, electorales y especiales.

Los Arts. 60, 61 y 62 del Reglamento del P.N.P. delimitan el carácter, la composición, los deberes y las facultades de los comités municipales. Así, el comité local municipal será "el organismo oficial *representativo* del Partido en cada municipio". En los municipios donde el Alcalde sea del P.N.P., éste ocupará automáticamente la presidencia del comité municipal. Entre las prerrogativas y deberes de los comités municipales se destacan:

A– promover el programa del Partido;

.        .        .        .        .        .        .        .

D– mantener abierto un *local* como sede del Comité en cada municipio, en año electoral;

. . . . . . . .

L– mantener en alto los ideales del Partido mediante la promoción cont[i]nua;

M– rendir los mayores servicios posibles a la comunidad a fin de mantener una imagen favorable para el Partido;

. . . . . . . .

O– participar en actividades, tales como concentraciones y campañas de recaudaciones de fondos que programe el Partido.

Estas disposiciones reglamentarias evidencian, sin duda, que los comités municipales son entidades *SUBORDINADAS* al P.N.P. y constituyen sus representantes en los municipios. *EL PARTIDO ES QUIEN DETERMINA SU COMPOSICIÓN, FUNCIONAMIENTO Y DISCIPLINA.* En *resumen*, los comités locales municipales existen por necesidad y para beneficio de los partidos políticos. No puede sostenerse que estos organismos son entidades independientes del P.N.P. Por el contrario, desde el punto de vista de organización y reglamento, así como en su dinámica diaria, son parte de una sola estructura organizativa del P.N.P. creada con el fin de promover su ideario político.

Bajo este prisma, una vez el tribunal de instancia resolvió que el Comité Municipal del P.N.P. era responsable por los daños y perjuicios ocasionados, debió hacerle extensiva esa responsabilidad al P.N.P., pues las acciones que aquí causaron el daño —mediante el uso autorizado de un vehículo que estaba bajo el control del Comité Municipal de Ciales— fueron consecuencia previsible de los actos autorizados por el P.N.P. a dicho comité. Si un partido político requiere y fomenta que sus comités municipales participen en actividades programadas a nivel central, tales como caravanas, mítines, marchas, etc., y conoce que en tales actos se utilizan vehículos de motor asignados o prestados regularmente al comité, no puede abstraerse de la responsabilidad dimanante de un accidente ocurrido por no tomar las debidas precauciones.

En el caso de autos, la responsabilidad imputada por el tribunal de instancia al Comité Municipal de Ciales —por éste

tener el uso y control del vehículo que ocasionó los daños— lógica y justicieramente se extiende al P.N.P.

Por los fundamentos expuestos, expediríamos el auto e impondríamos responsabilidad al P.N.P.