Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br><br>*Apelada*<br><br>v.<br><br>ANGEL ABREU Y OTROS<br><br>*Apelante* | KLAN202401071 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2024CV01724 (404)<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente) |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Comparece ante nos, el Sr. Ángel Abreu ("señor Abreu" o "apelante") mediante recurso de *Apelación* presentado el 2 de diciembre de 2024 y nos solicita que revoquemos la *Sentencia* emitida el 16 de octubre de 2024, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI" o "foro primario"). En dicha *Sentencia,* el TPI declaró Ha Lugar la Demanda sobre interdicto presentada el 5 de septiembre de 2024 por la Junta de Planificación de Puerto Rico ("JP" o "parte apelada") en contra del señor Abreu y la persona jurídica RG Contracting Group, Inc. ("RG Group[1]").

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

## I.

La controversia que tenemos ante nuestra consideración surge como consecuencia de la *Demanda de Injunction Estatutario*

---

[1] Se incluyó como parte con interés en la demanda, puesto que figura en el portal del CRIM como dueño de la propiedad objeto de controversia.

*Preliminar y Permanente*[2] presentada por la JP el 5 de septiembre de 2024 ante el TPI. En la misma, la JP solicitó, entre otras cosas, una orden de cese y desista, un interdicto permanente para demoler y remover una obra y el pago de una multa administrativa contra el señor Abreu y RG Group.

Según surge del legajo apelativo, el 27 de enero de 2023, el Municipio de Arecibo, mediante la plataforma del *Single Business Portal,* presentó una querella en la cual alegó ausencia de permiso. En lo pertinente, arguyó: (1) que el señor Abreu y RG Group son los dueños, oficiales, agentes, sirvientes, empleados, cesionarios o causahabientes de la propiedad objeto de la querella; (2) que el 8 de febrero de 2023, la JP realizó una investigación de la propiedad objeto de la querella y encontró que violaba ciertas normas de permisología; (3) que la JP notificó al señor Abreu y a RG Group vía dirección postal y electrónica una *Notificación de Hallazgos y Orden de Mostrar Causa,* la cual advertía sobre la imposición de una multa y que acudiría al TPI a solicitar la demolición de la obra; (4) que el señor Abreu y RG Group nunca contestaron la *Notificación de Hallazgos y Orden de Mostrar Causa.* Transcurrido el término reglamentario, la JP acudió al foro primario y solicitó que, ante el incumplimiento evidente del apelante y RG Group con las leyes y reglamentación aplicable: se declare HA LUGAR el recurso especial estatutario y, consecuentemente, se emita un interdicto permanente dirigido a la parte demandada ordenándole a demoler y remover, por su cuenta y riesgo propio, la(s) obra(s) ilegalmente. construida(s); cese y desista de las actividades llevadas a cabo; y a que emitan el

---

[2] Apéndice del Apelado, págs. 17-24. El caso fue presentado al amparo del Art. 14.1 titulado "Recursos Extraordinarios para Solicitar Revocación de Permisos, Paralización de Obras o Usos No Autorizados, Demolición de Obras" de la Ley Núm. 161-2009, *Ley para la Reforma del Proceso de Permisos de Puerto Rico,* 23 LPRA secc. 9024.

pago correspondiente de $7,743.00 por concepto de multa impuesta[3].

Ante esta solicitud, el 9 de septiembre de 2024, el TPI emitió una *Orden y Citación* en la cual pautó una Vista de Interdicto Provisional y/o Preliminar a celebrarse el 30 de septiembre de 2024. Además, ordenó a la JP, emplazar al señor Abreu y a RG Group con copia de emplazamientos y de la demanda en o antes del 20 de septiembre de 2024, conforme a la Regla 4.4 de Procedimiento Civil.

El 17 de septiembre de 2024, los codemandados fueron emplazados. En específico, RG Group fue emplazada por conducto del señor Abreu, quien en el diligenciamiento del emplazamiento fue identificado como "representante autorizado"[4].

El 30 de septiembre de 2024, se celebró la Vista de Interdicto Preliminar de forma híbrida. A dicha vista compareció mediante videoconferencia la representación legal de la JP así como el Agente de Permisos de la JP. El señor Abreu compareció de forma presencial. Sin embargo, RG Group no compareció, a pesar de que, según expresó el TPI en su sentencia, *"[d]icha entidad fue citada por conducto del demandado Ángel Abreu"*[5].

El 16 de octubre de 2024, el TPI emitió Sentencia[6] y declaró Ha Lugar la Demanda presentada por la JP. En esta, el TPI hizo constar las siguientes determinaciones de hecho por no existir controversia material en cuanto a ellos:

1. La Junta de Planificación es la entidad gubernamental cuyo propósito principal es el desarrollo integral de Puerto Rico mediante el establecimiento de un plan racional, balanceado y sensible, el cual de acuerdo con las actuales y futuras necesidades sociales, ambientales, físicas y económicas, habrá de fomentar un proceso de desarrollo económico y social sostenible y a su vez, protegerá la salud, el crecimiento económico, la seguridad, el orden, la cultura y los recursos naturales de Puerto Rico. La Junta de Planificación tiene como dirección física, Centro Gubernamental Roberto Sánchez Vilella, Ave. De Diego Pda. 22, Santurce, Puerto Rico, y

---

[3] *Íd.* Véase, además, entrada #1 de SUMAC.
[4] Apéndice del Apelado, pág. 30.
[5] *Íd.*, pág. 40.
[6] *Íd.*, págs. 39-46.

como dirección postal, P.O. Box 41119, San Juan, P.R. 00940-1119, y su número de teléfono es (787) 248-7519.

2. La parte demandada Ángel Abreu, mayor de edad, residente de Arecibo, Puerto Rico y, tiene la siguiente dirección física: KM 5.3, Carr. 681, Arecibo, PR 00612; como dirección postal: HC-01 Box 10510, Arecibo, PR 00612; como número de teléfono: (787) 248-7519; y como dirección electrónica: aax001@gmail.com.

3. La parte con interés es RG Contracting Group Inc. una corporación debidamente registrada en el Dpto. de Estado de Puerto Rico y organizada bajo las leyes de Puerto Rico. Con dirección física: Ave. Glasgow #1848, San Juan, PR, 00925. Con Dirección Postal: 701-1 Ponce de León Ave., Pmb 114, San Juan, PR, 00907. Se incluyó como parte con interés en la demanda de epígrafe puesto que figura en el portal como dueño de la propiedad objeto de controversia. Dicha entidad fue citada por conducto del demandado Ángel Abreu.

4. Los hechos que dieron pie a la presentación de este recurso especial se remontan a la presentación de una querella el 27 de enero de 2023 por parte del Municipio de Arecibo mediante la plataforma del "Single Business Portal", el cual le asignó el número de querella 2023-SRQ-012667, en la cual se alegó ausencia de permiso.

5. Durante el trámite administrativo la Junta de Planificación alcanzó las siguientes determinaciones de hechos y conclusiones de derecho:

   a. Las partes codemandadas son dueños, oficiales, agentes sirvientes, empleados, cesionarios o causahabientes de la propiedad objeto de la Querella la cual ubica en la Carr. 681, Km 5.3, Bo. Islote, Arecibo, PR, con número de catastro 031-000-002-38 (en adelante, "Propiedad").

   b. El 8 de febrero de 2023, personal de la Junta de Planificación realizó una investigación de la Propiedad donde se encontró una estructura de un nivel con medidas aproximadas de 33' de ancho x 83' de largo y 8' de alto y una segunda estructura de dos niveles con medidas aproximadas de 15' de ancho x 67' de largo y 8' de alto construidas en cemento y bloques de hormigón. También se encontraron una piscina con medidas aproximadas de 33' pies de largo por 20' pies de ancho y una piscina pequeña de 10' pies de ancho por 7' pies de largo aproximadamente. Ambas ubicadas en el patio posterior de la propiedad.

   c. Como parte del trámite administrativo, personal de la Junta de Planificación verificó los sistemas de la OGPe y no se encontró permiso aprobado para este tipo de construcción ni de uso.

   d. La Propiedad opera como hospedaje a corto y largo plazo.

   e. La parte demandada no posee los debidos permisos de construcción ni de uso.

   f. Luego de presentada la Querella y de llevar a cabo el trámite investigativo correspondiente, el 21 de abril de 2023, la Junta de Planificación le notificó a las partes codemandadas una Notificación de Hallazgos y Orden de Mostrar Causa (en adelante, "Notificación de Hallazgos"), conteniendo las determinaciones de hecho y conclusiones de derecho alcanzadas, a las siguientes direcciones postales y electrónicas: HC 01 Box 10510, Arecibo, PR 00612; PO Box 8909, Ponce, PR 00732; y aax001@gmail.com.

   g. Mediante dicha Notificación de Hallazgos la Junta de Planificación, entre otras cosas, le advirtió a las partes codemandadas que, en un término de veinte (20) días,

tenían que mostrar causa por la cual la Junta de Planificación no debía imponer una multa de $7,743.00 por las violaciones señaladas y le advirtió que, de no mostrar causa, la multa quedaría impuesta y se procedería a acudir al Tribunal de Primera Instancia, Sala Superior, a solicitar una Orden Judicial para ordenar la demolición de la(s) obra(s) ilegalmente construida(s) a costa de las partes codemandadas, la paralización de la actividad de construcción y uso no autorizado, solicitar una orden de cese y desista bajo el artículo 14.5 de la Ley Núm. 161-2009 y el cobro de la multa.

h. Se subió al sistema del SBP la Certificación de Notificación de la cual se desprenden las direcciones postales y electrónicas a donde les fueron enviadas la Notificaciones.

i. Las partes codemandadas nunca contestaron la Notificación de Hallazgos dentro del término dispuesto para ello, ni presentaron escrito o alegación responsiva alguna levantando sus defensas, por lo que dicha Notificación de Hallazgos advino final y firme, y al día de hoy es inapelable.

6. Al momento de presentar el recurso especial estatutario de marras, las partes codemandadas no han obtenido los permisos de construcción ni uso correspondientes.

Seguidamente, el 31 de octubre de 2024, el apelante presentó *Moción de Reconsideración y Solicitud de Nuevo Juicio,* bajo el argumento de que no es el dueño de la propiedad objeto de la querella de la JP y que tampoco es parte de la Junta de Directores ni representa a la corporación RG Group, por lo cual considera que se emplazó incorrectamente a RG Group[7]. No obstante, tal petición fue rechazada.

Inconforme, el apelante presentó un recurso de *Apelación* ante este foro judicial para solicitar que se emplace correctamente a RG Group, por haberse dictado una sentencia sin haber adquirido jurisdicción sobre la persona de la corporación. A tales efectos, señaló el siguiente error:

El tribunal erró al negar el derecho al demandado, RG Contracting Group, Inc. y dueño [registral] de comparecer a defenderse, ello como consecuencia que nunca fue debidamente emplazado.

En respuesta, la JP replicó en su *Escrito de Oposición de Apelación* que RG Group fue debidamente emplazada por conducto del señor Abreu, toda vez que actúa como su representante.

---

[7] *Íd.,* págs. 47-49.

Con el beneficio de la comparecencia por escrito de las partes y del examen de los autos, estamos en posición de resolver.

**II.**

Nuestro ordenamiento jurídico exige que los participantes de un pleito judicial reúnan varios criterios para participar del proceso. Uno de estos criterios es la capacidad. La *capacidad* se define como, "[la] habilidad para comparecer a un proceso sin la asistencia de otra persona"[8]. Quiere decir que como parte demandante debe figurar aquélla a favor de quién el derecho material o sustantivo establezca el derecho objeto de la demanda[9].

En lo aquí pertinente, el Art. 27 del Código Civil de Puerto Rico[10], dispone que se considerarán personas jurídicas las corporaciones de interés público y las de interés particular a las que las leyes concedan personalidad jurídica.

En cuanto a la *corporación,* se entiende que la misma es la entidad que surge cuando una o más personas obtienen autorización del Estado para operar una empresa a la que se le reconoce una personalidad jurídica distinta y separada de la de sus dueños. Sus características principales son: (1) personalidad jurídica propia; (2) responsabilidad limitada; (3) gerencia centralizada; (4) existencia perpetua, y la (5) libre transferibilidad de intereses[11]. La figura de la corporación facilita el desarrollo de empresas porque se le reconoce una personalidad jurídica distinta a la de sus dueños o miembros, quienes por lo general no

---

[8] J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., [Ed. del autor], 2012, pág. 131.

[9] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis de Puerto Rico, 2017, sec. 1102, pág. 118.

[10] El Artículo 9 de la Ley 55-2020 es cónsono con 31 LPRA sec. 3, y contiene la regla general sobre retroactividad de las leyes en nuestro ordenamiento jurídico: "[l]as leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario." *Véanse, Báiz v. Comisión Hípica,* 63 DPR 483, 487 (1944); *Charres v. Arroyo,* 16 DPR 816, 820 (1910); Sobrinos de Portilla v. Quiñones, 10 DPR 195, 196 (1906). Véase 31 LPRA sec. 101.

[11] C.E. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, Hato Rey, Ed. Publicaciones Puertorriqueñas, 2016, pág. 45.

responderán con sus bienes personales por los actos de la corporación, sino hasta el monto de su inversión[12].

Mientras, el Art. 29 del Código Civil[13], dispone que la capacidad de las corporaciones se regulará por las leyes que las hayan creado o reconocido. Para poder operar como corporación, la empresa deberá satisfacer las exigencias que dispone la Ley Núm. 164-2009, según enmendada, conocida como la Ley General de Corporaciones de 2009 (Ley de Corporaciones)[14]. Es decir, la posibilidad de llevar a cabo una actividad o transacción mediante la forma corporativa —con la protección de responsabilidad limitada— es un privilegio que el Estado otorga a todo aquel que satisfaga los requisitos de la Ley de Corporaciones[15]. Así, por ejemplo, el Art. 1.05 de la Ley de Corporaciones[16], establece lo siguiente:

> a. Otorgado y radicado el certificado de incorporación la persona o las personas que de tal modo se asociaren, sus sucesores y sus cesionarios, constituirán, a partir de la fecha de dicha radicación, o de haberse establecido en el certificado de incorporación, desde una fecha posterior que no exceda de noventa (90) días, una entidad corporativa con el nombre que aparezca en el certificado, sujeta a disolución según se dispone en este subtítulo.
>
> [...]

De la disposición citada se desprende que, a partir de la expedición del certificado de incorporación nace la entidad corporativa. Por tanto, constituida la personalidad jurídica de la corporación, su existencia como ente jurídico es independiente de sus accionistas, directores y oficiales[17]. A su vez, las corporaciones pueden adquirir y poseer bienes de todas clases, así como contraer obligaciones y ejercitar acciones civiles o criminales, conforme a las leyes y sus reglas de su constitución (*by-laws*)[18]. Asimismo, una vez

---

[12] C.E. Díaz Olivo, *Corporaciones: Tratado sobre Derecho Corporativo*, Hato Rey, Ed. Publicaciones Puertorriqueñas, 2016, pág. 45.
[13] 31 LPRA sec. 103.
[14] 14 LPRA sec. 3501 *et seq.*
[15] Díaz Olivo, a la pág. 108.
[16] 14 LPRA sec. 3505(a).
[17] *Peguero y otros v. Hernández Pellot*, 139 DPR 487, 502 (1995).
[18] Art. 30 del Código Civil, 31 LPRA sec. 104.

reconocida la personalidad jurídica de una corporación, esta puede demandar y ser demandada bajo su nombre corporativo en cualquier tribunal y participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género. Art. 2.02 de la Ley de Corporaciones[19].

### III.

En el presente recurso de *Apelación*, el señor Abreu, quien comparece ante este Tribunal por derecho propio, arguye que el TPI erró al *no permitir que RG Group compareciera a defenderse como consecuencia de que nunca fue debidamente emplazado.* Esboza que, no representa legalmente ni tiene autorización corporativa para representar a RG Group, por lo cual, razona que el TPI incide al dictar una orden de cese y desista contra RG Group por construir y usar una estructura sin los permisos debidos de la OGPe; y un interdicto permanente contra el apelante y RG Group para demoler y remover la obra ilegalmente construida en un término improrrogable de 30 días.

En oposición, la parte apelada replica que RG Group fue debidamente emplazada por conducto del señor Abreu, toda vez que actúa como representante de RG Group, debido a que se presentó como dueño de la propiedad en cuestión, le indicó al emplazador estar autorizado por la corporación y abogó por los derechos de RG Group, tanto a nivel del foro recurrido como en su recurso de *Apelación* ante este foro.

Tras un examen minucioso del legajo apelativo del caso, procedemos a emitir nuestro dictamen.

Es norma reiterada que una corporación se caracteriza, entre otras cosas, por los siguientes elementos: personalidad jurídica propia y responsabilidad limitada[20]. **Al ser una corporación una**

---

[19] *Íd.*
[20] *Íd.*

**entidad distinta y separada de sus accionistas, ello implica autonomía patrimonial y responsabilidades separadas de las de sus accionistas**[21]. Por tanto, colegimos que RG Group era el llamado a presentar la apelación ante el Tribunal de Apelaciones y levantar los errores que entendiese procedentes en derecho. Más, sin embargo, en el caso de autos, es el señor Abreu quien acude ante esta Curia para cuestionar que RG Group *no fue emplazada y no se le dio la oportunidad de contestar ni estar representada*[22]

Apuntalamos que, en el caso normativo *B. Muñoz, Inc. v. Prod. Puertorriqueña,* el Tribunal Supremo pronunció que los entes corporativos no pueden comparecer por derecho propio ante los foros judiciales[23]. Tampoco pueden acudir representadas por sus oficiales, sea accionista, oficial, tercero con interés o una persona natural[24]. Esto quiere decir que, toda corporación debe acudir ante un tribunal representada por un abogado admitido al ejercicio de la profesión jurídica en Puerto Rico[25]. Al establecer esta doctrina, el Tribunal Supremo tomó en consideración el hecho de que nadie viene obligado a incorporarse y que tal determinación voluntaria "genera varios beneficios entre los que figuran prominentemente aquellos de índole contributiva y el de responsabilidad personal

---

[21] *Rivera Maldonado v. E.L.A.,* 119 DPR 74, 80-81 (1987); *Fleming v. Toa Alta Developement Corp.,* 96 DPR 240, 244 (1968).

[22] Véase *Apelación.* Cabe destacar, que en su recurso apelativo el señor Abreu olvida mencionar que el 8 de febrero de 2023, ante la JP se presentó como dueño de la propiedad y así quedó plasmado en el *Informe de la Investigación*; (2) el señor Abreu le indicó al emplazador, una vez presentada la demanda, que él estaba autorizado por RG Group a recibir los emplazamientos de dicha entidad, por lo que en el diligenciamiento, el emplazador endosa lo siguiente: "Que recibí la Orden adjunta el 11 de septiembre de 2024 notificándola personalmente a RG Contracting Group, Inc. p/c de Ángel Abreu (representante autorizado) el 17 de septiembre de 2024 a las 3:30pm en . . ."; (3) el Sr. Abreu compareció ante el TPI a abogar tanto a su favor como a favor de RG Group a tal cabo que, según se desprende de la *Minuta* de la vista del 30 de septiembre de 2024, este solicitó que "se le conceda un término para completar los permisos para legalizar la obra y que se le reduzca la multa que se le impuso"; y (4) la *Sentencia* del TPI del 16 de octubre de 2024 fue notificada por correo postal a la dirección de RG Group según aparece en el Departamento de Estado.

[23] *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 828 (1980).

[24] *Íd.*, pág. 829.

[25] *B. Muñoz, Inc. v. Prod. Puertorriqueña, supra.* Véase también *Martínez v. Soc. de Gananciales*, 145 DPR 93, 116 (1998); *U.T.I.E.R. v. A.F.F.,* 137 DPR 818, 820 (1995); *Lizarríbar v. Martínez Gelpí,* 121 DPR 770, 786 (1988).

limitada"[26]. Por consiguiente, "no puede estimarse gravoso la exigencia de requerirles a quienes optan por conducir sus negocios y asuntos a través de un ente artificial que comparezcan ante los tribunales a través de abogado"[27].

El Alto Foro basó su determinación en consideraciones de sana política pública. Expuso que permitir a las corporaciones que sean representadas por sus oficiales podría prestarse a "subterfugios para que personas legas o aun individuos desaforados practicasen la profesión [legal] sin autorización"[28]. En fin, lo que se pretende evitar es que personas que no son abogados, advengan al ejercicio de la profesión directa o indirectamente[29].

Esta doctrina se apoya en las normas del derecho corporativo, que establecen que una corporación es una entidad con personalidad jurídica propia, distinta y separada de la de sus accionistas u oficiales[30]. Por virtud de esa ficción jurídica, al ente corporativo se le reconoce como persona para todos los fines legales y actúa en esa capacidad en las diversas actividades y transacciones en las que se involucra a través de sus acciones u oficiales[31].

Por lo tanto, el señor Abreu no tiene legitimación activa o el *standing* para acudir a los tribunales a vindicar derechos de RG Group. Nótese que la *Regla* 15.1 de Procedimiento Civil[32], dispone que **toda acción debe interponerse por y contra las personas investidas de capacidad jurídica**[33]. En consecuencia, determinamos que el error señalado no fue cometido y procede que confirmemos la Sentencia dictada por el TPI.

---

[26] *B. Muñoz, Inc. v. Prod. Puertorriqueña, supra*, pág. 830.
[27] *Íd.*
[28] Carlos E. Díaz Olivo, La corporación profesional, 68 Rev. Jur. U.P.R. 31, 41 (1999).
[29] *González v. Alicea, Dir. Soc. Asist. Legal*, 132 DPR 638, 641, nota al calce 1 (1993); véase, *U.T.I.E.R. v. A.F.F., supra.*
[30] Véase el Art. 2.02 de la Ley de Corporaciones, 14 LPRA sec. 3522.
[31] *Gasolinas PR v. Registrador*, 155 DPR 652, 666 (2001).
[32] 32 LPRA Ap. V, R. 15.1.
[33] *Pagán v. P.N.P.,* 127 DPR 494 (1990); R. Hernández Colón, *Derecho Procesal Civil,* 6ta ed., LexisNexis, San Juan, 2017, pág. 118; J.A. Cuevas Segarra, *Tratado de Derecho* Procesal Civil, T. II, Pubs. J.T.S., 2011, pág. 635.

**IV.**

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones