THE CITY OF DE KALB, Plaintiff-Appellant, v. NEHRING ELECTRICAL WORKS, INC., et al., Defendants-Appellees.

Second District (2nd Division)    No. 75-430

Opinion filed August 10, 1976.—Rehearing denied September 8, 1976.

William C. Murphy, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellant.

Frank S. Righeimer, Jr., of Righeimer, Righeimer & Martin, of Chicago, for appellees.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On May 2, 1973, the plaintiff, City of DeKalb (City), filed a petition for the condemnation of the old industrial building owned by defendant

Nehring Electrical Works, Inc. The trial to determine just compensation for the property was delayed for two years, apparently, in part, as the result of defendant's failure to retain counsel. It seems that prior to trial a judge, other than the one before whom the case was tried, had issued an order barring the defendant corporation's president, Paul M. Nehring, a layman, from acting as attorney for the corporation. Although Gordon J. Arnett filed an appearance as defense counsel in this case, no defense counsel was present and ready to proceed on April 30, 1975, the date of trial.

A jury awarded defendant $385,000 for the subject property. The City appeals the judgment on this verdict, citing numerous errors and claiming that the only competent evidence on the value of the property was the testimony of the City's expert witness who established the sum of $95,000. The City asks this court to reverse the $385,000 judgment below and to enter judgment for defendant in the amount of $95,000 or, in the alternative, to remand for a new trial. Although defendant did not cross-appeal the $385,000 award, it attempts, in its answering brief, to establish that the award was inadequate, that the only competent evidence of valuation in the record was the $1,000,000 testified to by Nehring, and that this court should, consequently, remand the case with instructions to enter judgment for $1,000,000.

The trial consisted entirely of the testimony of two witnesses, Paul Nehring and the City's expert appraiser, Carlson. The latter's qualifications included 22 years in appraisal work and the designation "MAI," Member of the Appraisal Institute, which is the highest designation awarded to appraisers by the American Institute of Real Estate Appraisers. Nehring testified as an opinion witness for the corporation after giving as his qualification in the area of appraisal the fact that, "in the banking business, [he had] done appraisal work for 45 years, so [was] well aware of the prices that take place and other matters that have gone on."

■■ It is clear under Illinois law that the trial court has wide discretion in determining what persons are proper opinion witnesses regarding values of real property, and the trial court's decision to allow Nehring to testify in this capacity falls well within the line of decisions commencing with *City of Geneseo v. Schultz*, 257 Ill. 273, 278-79 (1913). We note, however, that a proper foundation was not laid for the specific evaluation testimony entered by Nehring. In chambers, Nehring indicated his testimony would reveal the subject property to be worth $1,000,000 to $1,250,000 based upon reproduction costs for the industrial plant. The court indicated that such testimony would be inadmissible because reproduction costs, undiminished by depreciation, are not a proper measure of fair market value of property. Nehring then indicated over

objection that he would value the property at the above amount as a museum since the building was 100 years old and important in the history of Illinois industry.

The possible use of the subject property as a museum was highly speculative at best, as Nehring himself indicated he had had recurrent but unsuccessful conferences with the Historical Society in attempts to have the building used as a museum. Additionally, the supreme court, citing *Mauvaisterre Drainage & Levee District v. Wabash Ry. Co.*, 299 Ill. 299, 315 (1921), in *County of Cook v. Holland*, 3 Ill. 2d 36, 47 (1954), stated:

> " 'While the question of the competency of witnesses is left largely to the discretion of the trial judge, there is no presumption that a witness is competent to give an opinion, and his competency must be shown. It must appear that he has some peculiar means of forming an intelligent and correct judgment as to the value of the property in question, or the effect upon it of a particular improvement, beyond what is presumed to be possessed by men generally. [Citation.] To entitle a witness to testify to the value of a thing which is of such a nature as to have a current or market value, *he must be acquainted with the value of things of the class to which the thing whose value is in question belongs.*' Certainly, more must be required of a witness than the categorical statement that he is familiar with the property before he will be permitted to testify as to value, and *this is especially so in a case such as this where an effort is being made to prove that the land is adaptable to a special use.*" (Emphasis added.)

As was pointed out in the *City of Chicago v. George F. Harding Collection*, 70 Ill. App. 2d 254, 270 (1966):

> "It would be a mistake to forget that we are dealing here with a most unusual situation, one in which a witness is permitted to state to the jury his opinion of value, when the duty of the jury itself is to determine the appropriate compensation. Surely such a witness must present some kind of credentials to justify his competency to express an opinion under these circumstances. If he knows no more than the jury about the facts in issue, then it would be an improper interference with its function for him to give his views on valuations."

As there was no foundation laid demonstrating Nehring's competency to render a valuation of a building for special use as a museum, we hold his testimony in this area incompetent.

■■ Defendant makes much of the fact that Nehring testified the property was worth $1,000,000 to $1,250,000 as a "special industrial use" building. It asserts this constituted a "special use" valuation by Nehring which was separate from the reproduction cost valuation of the industrial

building (held inadmissible by the court because unreduced by depreciation factors) and its valuation as a museum (herein held incompetent). The term "special use" is a technical term applied to those few types of improved property whose market value cannot be ascertained because of its special use as a church, college, cemetery, clubhouse, railroad terminal, or the like. (See *Chicago Land Clearance Com. v. Darrow*, 12 Ill. 2d 365, 372 (1957).) An in-context reading of Nehring's statement on the property's $1,000,000 to $1,250,000 worth as a special industrial use reveals that he did not use the term "special industrial use" in the highly technical context now urged on appeal. Additionally, no foundation for such testimony was laid. We find that defendant attempted to establish fair market value of the property on two bases (as a potential museum and as an industrial building) and since, as discussed above, neither valuation was properly before the jury, we reverse and remand for a new trial.

In light of our determination on the above issues, we find it unnecessary to discuss at length the City's other well-argued assignments of error. We note, however, that it was improper for defendant's president, Nehring, to be present in the capacity of attorney for the corporation at the court's conference on instructions, and that permitting him to testify in narrative fashion enabled him to recurrently put before the jury (but prevented the City from effectively objecting to) irrelevant, improper, and inflammatory testimony.

Judgment reversed; cause remanded for a new trial.

RECHENMACHER and DIXON, JJ., concur.