BENITO MUÑOZ, INC., demandante y recurrida, *v.* PRODUCTORA PUERTORRIQUEÑA DE ALIMENTOS, INC., demandada y peticionaria.

*Número:* O-80-104 *Resuelto:* 28 de mayo de 1980

*Laffitte & Domínguez* y *María Isabel García Vázquez,* abogados de la peticionaria; *Antonio Arana Torros,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

■ ¿Autoriza nuestro ordenamiento jurídico la compare-cencia, representación y defensa de los intereses de una corporación—como demandante o demandada ante los tri-bunales de justicia—a través de un oficial que no es abogado? ([1]) ¿Que efectos ello tiene?

Los hechos que suscitan estas interrogantes se originan cuando George Otero, Presidente y único accionista de la entidad corporativa Productora Puertorriqueña de Ali-mentos, Inc., después de la renuncia de su abogado, la representó en ciertos trámites finales en el Tribunal de Distrito en pleito donde fuera demandada para que resti-tuyera al vendedor Benito Muñoz, Inc., unos artículos compra-dos bajo contrato de venta condicional. Medió un decreto de reposesión, y fueron declaradas sin lugar unas mociones sobre relevo de sentencia en dos ocasiones y una reconsidera-ción. Otero apeló al Tribunal Superior, cuyo foro, aun cuando llegó a conclusiones favorables a dicha corporación, desestimó el recurso por el fundamento de que él no era abogado. La corporación recurre e impugna ante nos dicho fallo, esta vez debidamente asistida por abogados.

I

La cuestión, aparte de ser novel, requiere para su resolu-ción el ejercicio de nuestra jurisdicción judicial apelativa en unión a la prerrogativa inherente de regular la admisión a la práctica de la profesión de abogado en Puerto Rico, así como el examen de una importante disposición complementaria a dicha facultad promulgada por la Asamblea Legislativa. A tal efecto, es esencial interpretar el alcance de la Sec. 7 de la Ley Núm. 17 de 10 de junio de 1939, según enmendada, que dispone:

"Ninguna *persona* que no sea abogado autorizado por la Corte Suprema de Puerto Rico podrá dedicarse al ejercicio de la profesión

---

([1]) El Art. 202 de la Ley General de Corporaciones, según enmendada—Núm. 3 de 9 de enero de 1956—confiere a toda corporación la "facultad para...[d]emandar y ser demandada en cualquier tribunal". 14 L.P.R.A. sec. 1202(2). Por lo demás, guarda silencio en cuanto a cómo han de comparecer ejercitando esa facultad.

de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus propios asuntos, ningún asunto judicial o cuasijudicial ante cualquier tribunal judicial. . . ." (Bastardillas nuestras.) 4 L.P.R.A. sec. 740.

 Su texto tipifica el delito de ejercitar ilegalmente la profesión de abogado. Se observa, sin embargo, que el mismo se refiere y contempla personas *naturales* pues solamente éstas pueden ser autorizadas a ejercer la profesión por este Tribunal. Esta apreciación se robustece al admitirse y permitirse, por vía de excepción, que una persona represente ante los tribunales "sus asuntos propios"; lógicamente dicha salvedad no puede aplicarse a quien no es una persona natural, quedando así excluidas las criaturas jurídicas corporativas.

Otra disposición pertinente es la Regla 9 de las de Procedimiento Civil. (²) Su lectura refleja que ésta sólo regula previsoramente la situación en que una persona natural comparece ante los tribunales por derecho propio, estableciendo lo relativo al requisito de la firma de sus escritos. La regla no intenta variar la limitación corporativa señalada, aunque el concepto "parte" teóricamente incluye una corporación. Ahora bien, no es fuente legal para otorgar el poder representativo discutido. Distinta reflexión se impondría si la regla, expresa o implícitamente, autorizara la comparecencia *pro se* en los tribunales de las corporaciones a través de sus oficiales disponiendo la manera en que suscribirán sus escritos, *e.g.*, estampando el sello corporativo y la firma del oficial o acompañando una resolución corporativa. Finalmente, las Reglas 69 y 243 de las de Procedimiento Criminal vigentes establecen la comparecencia de una corporación, para fines de alegación y su presencia durante el proceso, por conducto de abogado.

¿Que justificación tiene esta limitación en la capacidad representativa corporativa? En *Pueblo* v. *Santaella*, 91 D.P.R.

---

(²) Reza: "...Una *parte* que no esté representada por abogado firmará su escrito y expresará su dirección y teléfono, si lo tuviere . . . ." (Bastardillas nuestras.)

350 (1964)—acusado un oficial de una corporación del ejercicio ilegal de la profesión de abogado sin que fuera necesario resolver si su conducta constituía delito, en vista de que la corporación había estado representada por abogado—adelantamos que "[l]os estatutos que castigan el ejercicio no autorizado de la profesión se justifican como un ejercicio del poder de razón de estado (*police power*) para la protección del público de personas no cualificadas o no diestras, pero no como un medio para eliminar la competencia en la profesión legal". (³) Págs. 355–356.

■ Hoy, movidos por iguales y sólidas consideraciones de política pública que han encontrado eco en otras jurisdicciones de experiencia similar (⁴) adoptamos la norma que veda a los entes corporativos de comparecer por derecho propio ante los tribunales de justicia. Desde su génesis, su *raison d'être* ha experimentado cambios. Originalmente fue esbozada con el mero decir que las corporaciones no eran

---

(³) Sin expresar criterio definitivo, allí aludimos, además, a la interesante cuestión que al presente nos ocupa y a otros problemas relacionados. Señalamos también la importancia de no confundir el problema de si una corporación podía comparecer ante los tribunales por derecho propio, con la prohibición de que las corporaciones ejerzan la profesión a través de abogados empleados para tal fin, haciendo referencia a lo resuelto en *Rasa Eng. Corp.* v. *Daubón,* 86 D.P.R. 193 (1962).

(⁴) En general, Henn, *The Law of Corporations,* (1978), sec. 80, pág. 112; Fletcher, *Cyclopedia of the Law of Private Corporations,* (rev. perm. ed. 1976), sec. 4463.

En cuanto a la norma en los tribunales federales, consúltese, 28 U.S.C. 1654 y los siguientes casos: *Osborn* v. *Bank of the United States,* 22 U.S. 738 (1824); *Comm. and R. & R. Bank* v. *Slocomb,* 39 U.S. 60 (1840); *Mullin-Johnson Co.* v. *Penn. Mut. Life Ins. Co.,* 9 F.Supp. 175 (1934); *Heiskell* v. *Mozie,* 82 F.2d 861 (1936); *Brandstein* v. *White Lamps,* 20 F.Supp. 369 (1937); *Acme Poultry Corporation* v. *United States,* 146 F.2d 738 (1944); *MacNeil* v. *Hearst Corporation,* 160 F.Supp. 157 (1958); *Flora Construction Co.* v. *Fireman's Fund Insurance Co.,* 307 F.2d 413 (1962); *Simbraw, Inc.* v. *United States,* 367 F.2d 373 (1966); *Shapiro* v. *Continental Records,* 386 F.2d 426 (1967); *Strong Del. Min. Ass'n* v. *Board of App. of Cook County,* 543 F.2d 32 (1976); *In Re Victor Publishers, Inc.,* 545 F.2d 285 (1976); *James* v. *Daley & Lewis,* 406 F.Supp. 645 (1976); *Matter of Holliday's Tax Services, Inc.,* 417 F.Supp. 182 (1976); *Schreibman* v. *Walter E. Heller & Co., Etc.,* 446 F.Supp. 141 (1978); *Merco Const. Eng., Inc.* v. *Municipal Court,* 581 F.2d 636 (1978); *State Ex Rel. Western Parks* v. *Bartholomew Cty.,* 383 N.E.2d 290 (1978); *Metal Ltd.* v. *Kona Const. Co.,* 590 P.2d 570 (1979); *Johnson* v. *Pistake Highlands Community Ass'n,* 390 N.E.2d 640 (1979).

En las jurisdicciones estatales: *Mortgage Comm'n* v. *Great Neck,* 295 N.Y.S. 107 (1937); *Paradise* v. *Nowlin,* 195 P.2d 867 (1948); *Nicholson Supply Co., Inc.* v. *First*

entes corpóreos sino criaturas de ley o que no tenían alma. Después, reconociéndose que éstas no podían actuar sino representadas por agentes, se adujo que éstos deberían ser abogados. Finalmente se percibió como fundamento medular, uno basado en la sana política pública de que la corporación sólo actuara por medio de agentes sujetos al control de los tribunales—de buena moral y reputación—según se les exige a quienes son admitidos a practicar la profesión jurídica. Con buen juicio se razona que, gozando las corporaciones de tantos privilegios y poderes, sería peligroso concederles también que pudieran ser representadas por sus oficiales, quienes podrían carecer de escrúpulos suficientes y pensar solamente en el beneficio corporativo. Incluso se ha dicho, que ello podría prestarse a subterfugios para que personas legas o aun individuos desaforados practicasen la profesión sin autorización. [5]

En resumen, opinamos que sólo a través de abogados autorizados y el comportamiento ético que a ellos se les impone, podemos lograr cierta estabilidad en la responsabilidad social del ente corporativo. [6] El Departamento de Estado de Puerto Rico tiene registradas 46,148 corporaciones domésticas, 5,843 foráneas con fines de lucro, y 11,146 sin fines pecuniarios, de las cuales se estiman activas 25,000. No

*Federal*, 184 So.2d 438 (1966); *Remole Soil Service, Inc.* v. *Benson*, 215 N.E.2d 678 (1966); *Ramada Inns, Inc.* v. *Lane & Bird Advertising, Inc.*, 426 P.2d 395 (1967); *Globe Leasing, Inc.* v. *Engine Supply*, 437 S.W.2d 43 (1969); *Greer* v. *Ludwick*, 241 N.E.2d 4 (1968); *Union Sav. Ass'n* v. *Home Owners Aid, Inc.*, 262 N.E.2d 558 (1970); *In Re Highley*, 459 F.2d 554 (1972); *Ambulance* v. *Davis*, 306 N.E.2d 368 (1974); *Jack Wood Const. Co., Inc.* v. *Ford*, 522 S.W.2d 408 (1975); *Vann* v. *Shilleh*, 126 Cal. Rptr. 401 (1975); *Lefkowitz* v. *Therapeutic Hipnosis, Inc.*, 383 N.Y.S.2d 868 (1976); *Austrian, Lance & Stewart* v. *Hastings Prop., Inc.*, 385 N.Y.S.2d 466 (1976); *City of De Kalb* v. *Nehring Elec. Works, Inc.*, 353 N.E.2d 150 (1976); *Land Management Inc.* v. *E.P.*, 545 S.W.2d 49 (1977); *Woodruff* v. *McDonald's Restaurants*, 142 Cal. Rptr. 367 (1977); *Natl. Bank* v. *Natl. Bank*, 368 N.E.2d 119 (1977); *Tom Thumb* v. *Han*, 144 Cal. Rptr. 30 (1978).

[5] Para una excelente argumentación en torno a la norma y su recorrido jurisprudencial y el de los comentaristas, examínese, Note: *Appearance of Corporations Without Attorney*, 7 Brooklyn L. Rev. 371 (1938); Note: *Right to Appear in Proper Person in the Federal Courts*, 38 N.Y.U. L. Rev. 753 (1963); Cotner, *May a Corporation Act as its Own Attorney?* 16 Clev. Mar. L. Rev. 173 (1967).

[6] ". . . debemos recordar que, como un elemento fundamental en nuestra sociedad, la corporación ocupa un sitial único. Tiene una personalidad que puede ser

es difícil entender el número sustancial de litigios rutinarios que las actividades de estas entidades anualmente generan en los tribunales, y visualizar el peligro que entrañaría para el control y desarrollo de una eficiente administración de justicia el que sus miles de funcionarios corporativos estuvieran autorizados a postular, aunque limitado a sus asuntos. (⁷) Debemos tener presente que nadie viene obligado a incorporarse. Ello es una determinación voluntaria que genera varios beneficios entre los que figuran prominentemente aquellos de índole contributiva y el de responsabilidad personal limitada. Como resultado, no puede estimarse gravoso la exigencia de requerirles a quienes optan por conducir sus negocios y asuntos a través de un ente artificial que comparezcan ante los tribunales a través de abogado.

## II

■ Réstanos resolver las consecuencias de la corporación recurrente haber comparecido sin estar asistida por un agente abogado. La norma prevaleciente promulga la nulidad de toda actuación, inclusive cualquier sentencia que haya obtenido la corporación cuando ésta es demandante y la continuación de los procedimientos en rebeldía cuando es demandada como en este caso. Sin embargo, no podemos pasar por alto que estamos pautando un derecho por vez

---

alabada o criticada; pero diferente al individuo, ésta tiene un margen de error pequeño porque no tiene valor inherente. Una corporación vale sólo en la medida en que sirve al pueblo. . . . Si comete un error, y más aún si lo repite, algo ocurrirá finalmente para asegurar que no volverá a cometerlo. Se levantarán presiones para que se le regule más apretadamente, se le impongan nuevos reglamentos, para restringirlas de nuevas maneras, algunas veces hasta para castigarla. Las respuestas vendrán a través de las cortes, legislaturas, uniones laborales, y consumidores. . . .

"Entre las presiones levantadas y las respuestas inevitables se encuentra el abogado de corporaciones. Su trabajo es contribuir creativa y constructivamente a mantenerlas en su sitio, para reducir las presiones . . . y prever reacciones. . . . No es un partidario. Tiene un interés vital en el crecimiento de la corporación y su sobrevivencia, pero no puede darse el lujo de pararse en la plataforma de 'Mi compañía[:] esté bien o esté mal'." W. T. Gossett, *The Corporation Lawyer's Social Responsibilities*, ABA Journal, 1974, Vol. 60, págs. 1517, 1518.

(⁷) A manera de ejemplo, las corporaciones dedicadas a conceder préstamos pequeños o hipotecarios reclamando deudas impagadas.

primera. Así, no actuaríamos justicieramente si simplemente confirmamos la sentencia del Tribunal Superior. Debemos darle efecto prospectivo.

Aparece de los autos que el pleito fue llevado, en cierto modo satisfactoriamente por el oficial Otero, sin que éste incurriera en conducta lesiva alguna hacia las partes o transgrediera intereses importantes del tribunal o la sociedad en general. En las circunstancias peculiares apuntadas, nos parece la solución más justa dejar sin efecto la sentencia recurrida y conceder a la corporación la oportunidad de consignar y figurar para récord la comparecencia de un abogado y que el Tribunal Superior emita la sentencia en los méritos que hubiera dictado de no haber resuelto que la ausencia de un abogado corporativo se lo impedía.

*Se expedirá el auto y se dictará sentencia según lo expuesto.*