Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| SPLASH LEARNING ACADEMY, INC.<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO<br><br>OFICINA DE GERENCIA DE PERMISOS (OGPe)<br><br>Recurridos | KLRA202300649 | Revisión Judicial procedente de la Oficina de Gerencia de Permisos del Departamento de Desarrollo Económico y Comercio<br><br>Sobre:<br>Permiso de Uso<br><br>Caso Número:<br>2022-046885-PU-181095<br><br>2022-462885-SDR-013015 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de enero de 2024.

La parte recurrente, Splash Academy, Inc., comparece ante nos y solicita que dejemos sin efecto la determinación emitida y notificada el 16 de noviembre de 2023 por la División de Revisiones Administrativas (División) de la Oficina de Permisos del Departamento de Desarrollo Económico y Comercio, (OGPe). Mediante la misma, el referido organismo declaró *No Ha Lugar* una solicitud sobre revisión de denegatoria de concesión de permiso.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

Conforme surge, el 26 de octubre de 2022, la entidad recurrente presentó a la consideración de la OGPe una solicitud de permiso único sobre variación de uso para una institución educativa. La solicitud recibió la denominación alfanumérica 2022-

Número Identificador

RES2022_____

462885-PU-181095. Tras los procesos de rigor, y luego de haberse celebrado la correspondiente vista administrativa, con notificación del 29 de junio de 2023, la OGPe emitió una determinación no favorable respecto a la solicitud de permiso en controversia.

En desacuerdo, el 19 de julio de 2023, la parte recurrente presentó una solicitud de revisión administrativa ante la División. Mediante *Resolución* del 16 de noviembre de 2023, el antedicho organismo declaró *No Ha Lugar* la misma.

Inconforme, el 15 de diciembre de 2023, la parte recurrente, por derecho propio y por conducto de su presidenta, la señora Wanda Robles Vélez, compareció ante este Foro mediante el recurso de revisión judicial de epígrafe. Por su parte, el 4 de enero de 2024, la OGPe sometió ante nos una *Solicitud de Desestimación*. En esencia, argumentó la falta de capacidad representativa de la señora Robles Vélez para legitimar la comparecencia de la entidad recurrente.

Procedemos a expresarnos a tenor con la norma que dispone de la presente causa.

**II**

Conforme resuelto por nuestro más Alto Foro en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 827 (1980), el estado de derecho desautoriza la comparecencia, representación y defensa de los intereses de una corporación, como demandante o demandada ante los tribunales de justicia, por conducto de un oficial que no es abogado. Así, como norma, las corporaciones no pueden comparecer, por derecho propio, representadas por una persona natural, sea accionista, oficial o tercero con interés, que no esté admitida a la profesión jurídica. De este modo, aunque una corporación sea una entidad con capacidad para demandar y ser demandada, "no puede autorepresentar en los tribunales sus propios asuntos". *UTIER v. AFF*, 137 DPR 818, 821 (1995).

La interpretación doctrinal pertinente reconoce que la referida norma se fundamenta en consideraciones de política pública que impiden que, mediante el esquema que las caracteriza, las corporaciones se conviertan en subterfugios para que personas legas practiquen la profesión legal directa o indirectamente, ello, sin autoridad. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra; *González v. Alicea, Dir. Soc. Asist. Legal*, 132 DPR 638, 641 (1993), nota al calce 1.

**III**

En la causa de autos, la corporación aquí recurrente comparece ante nos por derecho propio, por conducto de su Presidenta. Del expediente de autos no surge que la señora Robles Vélez esté admitida al ejercicio de la profesión jurídica. Así, toda vez que, tal cual expuesto, en nuestro estado de derecho, la comparecencia de una corporación ante la maquinaria judicial únicamente está legitimada si la misma se conduce mediante la debida representación de un abogado, el recurso de autos carece de eficacia. En consecuencia, no ostentamos jurisdicción para entender sobre sus méritos.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones