ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SALUD PARA TODOS, INCORPORADO<br><br>Recurrente<br><br>v.<br><br>CASA JUPITER, INC.; RR DONNELLEY DE PR CORP.<br><br>Recurrido | **KLRA202400424** | *REVISIÓN ADMINISTRATIVA* procedente de Junta de Subastas del Departamento de Educación de Puerto Rico<br><br>Caso Núm.: JR-24-129<br><br>Sobre: Impugnación de Adjudicación de Subasta |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 6 de marzo de 2025.

Comparece ante este foro, Salud para Todos, Incorporado (Salud para Todos o "parte recurrente") y solicitan que revisemos una *Resolución* de la Junta Revisora de Subastas de la Administración de Servicios Generales (Junta Revisora) emitida el 1 de julio de 2024. Mediante el referido dictamen, la Junta Revisora revocó la adjudicación de la Partida Núm. 10 de la Junta de Subastas del Departamento de Educación de Puerto Rico (Junta de Subastas), y declaró la subasta desierta.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen recurrido.

## I.

Según surge del expediente, la Junta de Subastas convocó a una Subasta Formal SF (OC) 2024-013, a tenor con la Ley Núm. 73-2019, según enmendada, conocida como la *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico*, y la Orden Ejecutiva Núm. OE-2023-030 que enmienda

Número Identificador
SEN2025 _____

el Boletín Administrativo OE-2019-039, para adquirir materiales para las escuelas. En respuesta al anuncio de la Subasta, veinte (20) licitadores presentaron sus propuestas, entre ellos se encontraba la parte recurrente.

Así las cosas, el 27 de junio de 2024, la Junta de Subastas notificó una enmienda a la adjudicación de la Subasta.[1] En ella, indicó que habían adjudicado la buena pro a los siguientes licitadores: Salud para Todos, Inc., Tecnolife of PR, y Synerfuel & Alliance Development, Inc. A la parte recurrente, le adjudicaron las siguientes partidas:

> Partida 1: Abanico de Pedestal
> Partida 2: Carpa 10'x10' con bulto para almacenar
> Partida 3: Can para enfriar el agua (similar a Igloo)
> Partida 4: Vasos insulados de 16 onzas (similar a Yeti)
> Partida 9: Loncheras (refrigerador con solapa abatible)
> Partida 10: Máquina de hielo

Sin embargo, la Junta de Subastas determinó que la parte recurrente, no cumplió con lo requerido en el pliego de la Subasta o no representó los mejores intereses del Departamento de Educación para las partidas 1, 6, 7 y 8 por no ser las ofertas más económicas; y la partida 5, no fue adjudicada a ningún licitador.

En desacuerdo con la decisión de la Junta de Subastas, el 27 de junio de 2024, Casa Júpiter, Inc., quien fue uno de los licitadores no agraciados, presentó una *Solicitud de Revisión de la Partida Número 10 Máquinas de Hielo*, ante la Junta Revisora.[2]

---

[1] *Resolución de Adjudicación (Aviso de Adjudicación) Enmendado,* anejo IV, págs. 57-69 del apéndice del recurso.
[2] *Solicitud de Revisión de la Partida Número 10 Máquinas de Hielo*, anejo V, págs. 74-79 del apéndice del recurso.

El 11 de julio de 2024, la Junta Revisora emitió la *Resolución* recurrida.[3] Mediante esta, concluyó que la adjudicación de la Partida 10 a la parte recurrente debía ser revocada. Indicó que, al igual que los otros licitadores tampoco cumplió con los requisitos del pliego, por lo tanto, la declaró desierta. Finalmente, indicó que la parte afectada por dicha determinación podría presentar un recurso de revisión judicial ante este foro dentro del término de treinta (30) días, contados desde el archivo en autos copia de la *Resolución*.

Inconforme, el 5 de agosto de 2024, Salud para Todos presentó el recurso de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

> ERRÓ LA JUNTA ASG AL NO DETERMINAR QUE LA RESOLUCIÓN EMITIDA POR LA JUNTA DEL DEPARTAMENTO DE EDUCACIÓN ADJUDICANDO LA PARTIDA 10 A LA COMPARECIENTE ES FINAL FIRME E INAPELABLE; DEBIDO A QUE: (I) LA MOCIÓN DE CASA JUPITER NO LE FUE NOTIFICADA A TODOS LOS LICITADORES, II) LA MOCIÓN DE CASA JUPITER NO FUE SUSCRITA POR UN ABOGADO A PESAR DE SER UNA CORPORACIÓN Y III) LA RESOLUCIÓN DE LA JUNTA ASG NO FUE NOTIFICADA A TODOS LOS LICITADORES.

> ERRÓ LA JUNTA ASG AL DECLARAR QUE LA OFERTA DE SPT EN EL RENGLÓN 10 NO FUE RESPONSIVA CUANDO ESA ENTIDAD: A) CONOCÍA DEL REQUISITO DE QUE LAS MÁQUINAS DE HIELO DEBÍAN SER INSTALADAS Y B) LA OFERTA DE SPT NO TOMO EXCEPCIÓN ALGUNA Y SE DEBÍA PRESUMIR QUE INCLUÍA EL REQUISITO DE INSTALACIÓN.

> LA JUNTA ASG ABUSÓ DE SU DISCRECIÓN AL NO CONCEDERLE LA DEBIDA DEFERENCIA A LA DECISIÓN DE LA JUNTA DE.

El 11 de septiembre de 2024, emitimos una *Resolución* mediante la cual ordenamos a las partes a que mostraran causa por la cual no debíamos desestimar el

---

[3] *Resolución*, anejo VI, págs. 80-88 del apéndice del recurso.

recurso por falta de jurisdicción, ante una notificación defectuosa de la adjudicación de la Subasta.

El 17 de septiembre de 2024, la parte recurrente presentó *Moción en Cumplimiento de Orden*. En esta, aclaró que la notificación defectuosa no fue en la adjudicación de la Subasta por el Departamento de Educación, sino en la presentación de la moción de reconsideración de Casa Júpiter ante la Junta Revisora.

No obstante, la parte recurrida no compareció dentro del término dispuesto por este foro. A estos efectos, el 23 de septiembre de 2024, emitimos una *Sentencia* mediante la cual desestimamos el recurso de autos por falta de jurisdicción, toda vez que la notificación fue defectuosa.

El 1 de octubre de 2024, Salud Para Todos presentó una *Moción de Reconsideración*. Indicó que existía un error jurisdiccional previo a la notificación de la *Resolución* de la Junta Revisora, en específico, en la moción de reconsideración presentada por Casa Júpiter.

El 8 de octubre de 2024, la Junta Revisora presentó su *Comparecencia Especial en Solicitud de Reconsideración*. Explicó que a tenor con la Sec. 3.19 de la LPAU, *infra*, según enmendada por la Ley Núm. 48-2024, el término para acudir ante el foro apelativo era de treinta (30) días cuando se emitió la *Resolución* de la Junta Revisora. Ante ello, arguyó que no hubo error alguno en la notificación a las partes.

Posteriormente, el 11 de octubre de 2024, Salud Para Todos presentó una *Urgente Solicitud de Remedio y Réplica en torno a Comparecencia Especial*.

Evaluados los escritos presentados el 1 y 11 de octubre de 2024, por la parte recurrente y el 8 de

octubre de 2024, por la Junta Revisora, emitimos una *Resolución* notificada el 23 de octubre de 2024. Mediante referido dictamen, declaramos **No Ha Lugar** a la *Moción de Reconsideración* presentada por Salud Para Todos. Sin embargo, declaramos **Ha Lugar** la reconsideración invocada en la *Comparecencia Especial en Solicitud de Reconsideración* presentada por la Junta Revisora.

En consecuencia, se dejó sin efecto la *Sentencia* emitida el 23 de septiembre de 2024. Además, se le concedió un término de quince (15) días a la parte recurrida para que presentara su posición con respecto al recurso de epígrafe.

Transcurrido el término sin la comparecencia de la parte recurrida, procederemos a disponer del recurso.

**II.**

**-A-**

La *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, Ley 73-2019, 3 LPRA *et seq.* 9831, en adelante, Ley Núm. 73-2019, en su Exposición de Motivos, establece como política pública del Gobierno de Puerto Rico la centralización de los procesos de compras gubernamentales bienes, obras y servicios. Esto último con el fin de lograr mayores ahorros fiscales y la transparencia en la gestión gubernamental. En armonía con lo anterior, se delegó en la Administración de Servicios Generales la responsabilidad de implantar la política pública, dirigir el proceso de adquisición de bienes y servicios, y la contratación de servicios del Gobierno de Puerto Rico, entre otros. Art. 10 de la Ley Núm. 73-2019, *supra*, sec. 9832(e).

Mediante la Ley Núm. 73-2019 se creó a la Junta de Subastas, adscrita a la Administración de Servicios Generales, de naturaleza cuasijudicial, con la facultad de evaluar y adjudicar las subastas del Gobierno de Puerto Rico. Art. 47 de la Ley Núm. 73-2019, sec. 9836, *supra*. La Junta de Subastas está facultada para emitir invitaciones de subastas y solicitudes de propuestas selladas, evaluar y adjudicar las propuestas y/o subastas, no aceptar licitaciones que contengan precios en exceso del precio de venta al detal sugerido por el manufacturero, entre otros. Por otro lado, también se creó la Junta Revisora de Subastas, adscrita a la Administración, de igual naturaleza cuasijudicial, facultada para revisar cualquier impugnación de las determinaciones o adjudicaciones hechas, entre otras, por la Junta de Subastas. Art. 55 de la Ley Núm. 73-2019, sec. 9837.

En los casos de subastas, el Art. 68 de la Ley Núm. 73-2019, *supra*, sec. 9838(e) dispone que la parte adversamente afectada por una determinación de la Junta Revisora podrá recurrir a este Tribunal mediante un recurso de revisión, conforme a lo establecido en *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, (LPAU), Ley 38-2017, 3 LPRA *et seq*. Por su parte, en el Art. 4.2 de la LPAU dispone lo siguiente:

> En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, de la Junta Revisora de Subastas de la Administración de Servicios Generales, o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de veinte (20) días, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, la referida Junta Revisora de Subastas de la Administración

de Servicios Generales o la entidad apelativa, o dentro del término aplicable de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. […] 3 LPRA sec. 9672.

Por otro lado, y en cumplimiento con lo dispuesto en el Art. 25, se crea el *Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico*, en adelante, Reglamento Núm. 9230, aprobado por el Departamento de Estado de 18 de noviembre de 2020. En el mismo, se disponen las normas y procedimientos a seguir para la adquisición de bienes, obras y servicios no profesionales en el Gobierno. Art. 25 de la Ley Núm. 73-2019, *supra*, sec. 9834(a).

### III.

Mediante el recurso que nos ocupa, Salud Para Todos argumenta que la Junta Revisora incidió al revocar la adjudicación de la Partida Núm. 10 y declarar la Subasta desierta.

En su primer señalamiento de error, alega que Casa Júpiter no notificó la moción de reconsideración por correo certificado a Salud Para Todos, ni tampoco notificó el resto de los licitadores incumpliendo con el Art. 5.3 del Reglamento Núm. 9230. Sostiene que, ante tal incumplimiento, la moción nunca se perfeccionó y la *Resolución* emitida por la Junta de Subastas se convirtió final, firme e inapelable. A su vez, señala que la moción fue suscrita por el Presidente de Casa Júpiter y no por un abogado autorizado. Argumenta que dicho acto violentó la norma establecida en *B. Muñoz, Inc. v. Prod. Puertorriqueña,* 109 DPR 825 (1980).

En su segundo señalamiento de error, asevera que la propuesta de Salud Para Todos fue sometida con pleno conocimiento del requerimiento de instalación de las máquinas de hielo de la Partida Núm. 10. Alega que, al no incluirse excepción alguna en su propuesta se debía presumir que se incluía la instalación de las maquinas.

En cuanto su tercer señalamiento de error aduce que la Junta Revisora abusó de su discreción al no conceder deferencia a la decisión de la Junta de Subastas. Indica que la Junta de Subastas estaba en mejor posición para evaluar las propuestas o licitaciones ante su consideración. Por lo cual, argumenta que la Junta Revisora no debió sustituir el criterio de la agencia, al menos que se hubiera demostrado que la decisión se tomó de forma arbitraria o caprichosa, o mediando fraude o mala fe.

En primer lugar, es preciso señalar que en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, nuestro más Alto Foro prohibió a las corporaciones comparecer por derecho propio ante los tribunales de justicia. No obstante, la solicitud de revisión fue presentada ante una agencia administrativa, la Junta Revisora. Por ello, Casa Júpiter no violentó lo establecido en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra.

De otra parte, el Art. 65 de la Ley Núm. 73-2019 establece que:

> La parte adversamente afectada notificará copia de la solicitud de revisión administrativa a la Administración y a la Junta de Subastas correspondiente; simultáneamente notificará también al proveedor que obtuvo la buena pro en la subasta en cumplimiento con lo establecido en el Artículo 62 de esta Ley. Este requisito es de carácter jurisdiccional. En el propio escrito de revisión, la parte recurrente certificará a la Junta Revisora

su cumplimiento con este requisito. La notificación podrá hacerse por correo certificado con acuse de recibo o por cualquier correo electrónico. De así ser solicitado por la parte adversamente afectada, la Junta de Subastas le proveerá a éste las direcciones, tanto postales como electrónicas, que los proveedores participantes le hayan informado a la Junta de Subastas durante el proceso de subasta impugnado. 3 LPRA sec. 9838b.

Es decir, Casa Júpiter podía notificar su solicitud de revisión por correo certificado con acuse de recibo o por correo electrónico. Además, a tenor con la referida ley, no era indispensable notificar al resto de los licitadores que habían participado en la Subasta. Por lo cual, la notificación de la solicitud de revisión fue adecuada.

Por estar estrechamente relacionados, discutiremos el segundo y tercer señalamiento de error en conjunto.

El *Aviso de Enmienda Núm. 1* estableció que la Partida Núm. 10 requería la instalación de las máquinas de hielo en las ofertas presentadas en el pliego de la Subasta. Esto era un requisito indispensable, toda vez que la Junta de Subastas entre sus razones para descartar la propuesta de Comercial HE, LLC señaló el no incluir expresamente dicha instalación.

En virtud de lo anterior, no podemos aceptar el argumento de Salud Para Todos que se debía presumir que su oferta incluía la instalación de las máquinas. El no incluirse dicha instalación expresamente en su propuesta la hizo deficiente en cuanto a los requisitos del pliego de la Subasta. Por tal razón, la Junta Revisora no incidió al revocar la adjudicación de la Partida Núm. 10 y, en consecuencia, declarar la Subasta desierta.

Por todo lo anterior, concluimos que la Junta Revisora no cometió los errores señalados por la parte recurrente en el pleito de epígrafe.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones