Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| AIXA ROSARIO, JORGE HAEDO<br><br>Recurrida<br><br>v.<br><br>EUGENIO SERAFÍN, INC. *h/n/c* EST HARDWARE, KITCHEN BATH PLUMBING, ACEROS DE AMÉRICA, INC.<br><br>Recurrente | KLRA202500313 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Sobre: Reconsideración<br><br>Caso Núm. SAN-2024-0018767 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de agosto de 2025.

La parte recurrente, Aceros de América, Inc., comparece ante nos para que dejemos sin efecto la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo), el 28 de marzo de 2025. Mediante la misma, el referido organismo declaró *Ha Lugar* una Querella instada por los recurridos, la señora Aixa Rosario y el señor Jorge Haedo, y decretó la nulidad de un contrato de compraventa entre las partes.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso de revisión judicial.

**I**

El 25 de marzo de 2024, los recurridos presentaron la querella administrativa de epígrafe contra EST Hardware Kitchen Bath Plumbing, y Aceros de América, Inc. En la misma, indicaron que el 29 de febrero de 2024 contrataron los servicios de Aceros de América, Inc. para la compra de un tanque séptico de setecientos cincuenta (750) galones, marca *Fat Boy.* Según se sostuvo, los

Número Identificador

SEN2025 _____

recurridos escogieron el producto ofrecido por la parte recurrente, ya que este les aseguró que estaba debidamente certificado por la Agencia de Protección Ambiental de Estados Unidos (EPA) y por el Departamento de Salud de Puerto Rico y Estados Unidos. Además, se les indicó que el tanque contaba con diez (10) años de garantía.[1]

De acuerdo con las alegaciones de los recurridos, estos pagaron el precio pactado de dos mil ciento ochenta y cinco dólares con veintinueve centavos ($2,185.29) por el tanque en cuestión. Ahora bien, sostuvieron que, al momento de la entrega del tanque séptico, la parte recurrente no les entregó la documentación sobre las certificaciones, ni la garantía de diez (10) años. Por esta razón, el 5 de marzo de 2024, los recurridos le requirieron a Aceros de América, Inc., la documentación sobre las certificaciones y garantía del referido tanque.[2] Sin embargo, alegaron que la parte recurrente sostuvo que no tenía los documentos solicitados, por lo que los refirió al distribuidor autorizado del tanque séptico, EST Hardware Kitchen Bath Plumbing. Posteriormente, según alegaron los querellantes, el distribuidor les informó que el tanque no contaba con las certificaciones.[3] Según la querella, los recurridos necesitaban las aludidas certificaciones para un trámite hipotecario que iban a realizar. Ante la falta de los documentos requeridos, la parte recurrida sostuvo que incurrió en una serie de gastos adicionales por la remoción, compra e instalación de otro tanque séptico, los cuales ascendieron a tres mil ochocientos sesenta y un dólares ($3,861.00).

Según se expresó, el 14 de marzo de 2024, Aceros de América, Inc., solo reembolsó a los recurridos la cantidad pagada por la

---

[1] Apéndice del Recurso, pág. 1.
[2] *Íd.*
[3] *Íd.*

compra del tanque.  Por ello, solicitaron que se ordenara a la parte recurrente el pago de los gastos adicionales incurridos.[4]

El 8 de mayo de 2024, DACo notificó la querella a la dirección de correo postal de las partes de epígrafe.  Luego, el 5 de diciembre de 2024, el referido Departamento le notificó a la parte recurrente la *Citación a Vista Administrativa Mediante Videoconferencia*.[5]

Finalmente, el 14 de enero de 2025 se celebró la vista administrativa.  Surge de la *Resolución* recurrida, que los querellantes y EST Hardware Kitchen Bath Plumbing comparecieron a la misma. Sin embargo, Aceros de América, Inc., no compareció, ni tampoco contestó la querella, a pesar de que fue notificado de la misma, por lo que se le anotó la rebeldía.[6]

Luego de evaluar la prueba presentada, el Juzgador administrativo declaró *Ha Lugar* la querella de epígrafe y decretó la nulidad del contrato de compraventa.  Consecuentemente, ordenó a la parte recurrente indemnizar a los recurridos con la cantidad de tres mil ochocientos dólares ($3,800.00), por los gastos incurridos en la remoción, compra e instalación del segundo tanque séptico. En cuanto a EST Hardware Kitchen Bath Plumbing, el referido Departamento desestimó la querella, al entender que no hubo una intervención en la contratación de la compraventa en cuestión. La referida *Resolución* fue notificada a las partes el 28 de marzo de 2025.[7]

Inconforme, el 15 de abril de 2025, el señor Jeffrey Aguiar presentó una solicitud de *Reconsideración*.[8] En esta, arguyó que nunca fue informado del caso, ni recibió las correspondencias a su dirección de correo postal.

---

[4] *Íd.*
[5] *Íd.* pág. 19.
[6] *Íd.* pág. 26.
[7] *Íd.* pág. 33.
[8] *Íd.* pág. 59.

Evaluada la solicitud, el 28 de abril de 2025, el foro administrativo declaró *No Ha Lugar* a la referida reconsideración. El Juez administrativo enfatizó que la persona que presentó la solicitud suscrita, no se identificó como un abogado autorizado para ejercer la abogacía en Puerto Rico y que, conforme a la norma establecida en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825 (1980), las corporaciones no podían comparecer por derecho propio ante los foros judiciales. El foro administrativo agregó, que la parte recurrente no rebatió la presunción de que no fue notificado debidamente de la citación a la vista. Según detalló el Juzgador, del expediente administrativo no surgía que fue devuelta la citación remitida a la dirección PO Box 363273, San Juan, PR 00936-3273, de Aceros de América, Inc.[9]

En desacuerdo, el 29 de mayo de 2025, la parte recurrente compareció ante nos mediante el presente recurso de revisión judicial. En el mismo, formula los siguientes planteamientos:

> Erró DACo en su resolución de 28 de abril de 2025 de no reconsiderar y dejar sin efecto la resolución del 28 de marzo de 2025, en la medida que Aceros de América no recibió notificación de la querella ni notificación de la vista.

> Erró DACo en su resolución en reconsideración al determinar que Aceros no podía comparecer representada por su presidente, Jeffrey Aguiar, para solicitar la reconsideración.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

### A

Conforme resuelto por nuestro más Alto Foro en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, págs. 826-827, el estado de derecho desautoriza la comparecencia, representación y defensa de los intereses de una corporación, como demandante o demandada

---

[9] *Íd.* pág. 62

ante los tribunales de justicia, por conducto de un oficial que no es abogado. Así, como norma, las corporaciones no pueden comparecer, por derecho propio, representadas por una persona natural, que no esté admitida a la profesión jurídica. *Íd.,* pág. 829. A modo de excepción, solo las personas naturales pueden comparecer por derecho propio a los tribunales. *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 786 (1988); *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, pág. 827.

La interpretación doctrinal pertinente reconoce que la referida norma se fundamenta en consideraciones de política pública que impiden que, mediante el esquema que las caracteriza, las corporaciones se conviertan en subterfugios para que personas legas practiquen la profesión legal directa o indirectamente, ello, sin autoridad. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, pág. 829. Así pues, cualquier actuación producto de un procedimiento en el que una corporación haya comparecido ante el tribunal sin estar representada por un abogado es nula. *Íd.*, pág. 830.

En el ámbito administrativo, DACo adoptó la referida norma en el Reglamento de Procedimientos Adjudicativos, Reglamento Núm. 8034 de 14 de junio de 2011. En lo pertinente a la controversia de epígrafe que nos ocupa, el precitado Reglamento establece que "toda corporación o persona jurídica deberá comparecer por conducto de abogado o un oficial debidamente autorizado a tomar decisiones a nombre de la entidad que representa y a obligar la misma, lo cual vendrá obligado a acreditar mediante resolución corporativa". Regla 22.2, Reglamento 8034, supra.

**B**

Sabido es que la *revisión judicial* constituye el remedio exclusivo para auscultar los méritos de una determinación administrativa. Conforme lo dispuesto en la sección 4.2 de la Ley

de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017:

> Una parte afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. [...].

3 LPRA sec. 9672. (Énfasis nuestro).

En armonía a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 75, 215 DPR ___ (2025), establece igual término para la formalización de un recurso de revisión judicial, disponiéndose que el mismo es de carácter jurisdiccional, no susceptible a interrupción, a menos que se presente una reconsideración oportuna.

Por su parte, la moción de reconsideración está expresamente regulada por lo dispuesto en la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017, en su sección 3.15. En lo pertinente, dispone como sigue:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del **término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.**
>
> [...]

3 LPRA sec. 9655. (Énfasis nuestro).

**C**

Por otra parte, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *Mun. Río Grande v. Adq. Finca et al.,* 2025 TSPR 36, 215 DPR ___ (2025); *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *Pueblo v. Torres Medina,* 211 DPR 950, 958 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz et al. v. Morales, Hernández,* supra; *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 296 (2016); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660.

Cónsono con la facultad inherente que dispone este Foro apelativo intermedio para auscultar los aspectos jurisdiccionales de los recursos ante su consideración, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, págs. 109-110, nos permite desestimar todo recurso presentado fuera del término reglamentario aplicable. En lo pertinente, la precitada Regla expresamente indica que:

[…]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

[…]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

[…]

**III**

En la presente causa, la parte recurrente comparece ante nos impugnando una determinación administrativa notificada por el Departamento el 28 de marzo de 2025. Según alega en su comparecencia, el 15 de abril de 2025, presentó una solicitud de reconsideración respecto a lo resuelto en su contra. En cuanto a este trámite en particular, afirma que la agencia rechazó la solicitud porque Aceros de América, Inc. no podía comparecer por medio de Jeffrey Aguiar. Evaluamos.

De conformidad con la norma antes expuesta, una vez el Departamento notificó la *Resolución* recurrida, Aceros de América, Inc. disponía de un término de veinte (20) días dispuestos por ley para solicitar una reconsideración o de un término de treinta (30) días para acudir directamente a este Foro judicial. En el presente caso, el señor Jeffrey Aguiar presentó, por derecho propio, la moción suscrita, sin que se identificara como un abogado, ni presentara una resolución corporativa que lo autorizara a comparecer como oficial de la corporación. Por ello, la referida solicitud de reconsideración resultó en una actuación nula y no produjo un efecto interruptor.

Por tanto, una vez notificada la *Resolución* recurrida el 28 de marzo de 2025, comenzó a decursar el término jurisdiccional de treinta (30) días para que Aceros de América, Inc. compareciera ante este Foro. Habiendo comparecido ante nos, el 29 de mayo de 2025, vencido el término correspondiente, únicamente podemos declarar nuestra falta de jurisdicción en el caso.

Siendo así, al entender que la parte recurrente no cumplió con los requisitos para presentar la moción suscrita y por entender que no interrumpió el término para recurrir a este Foro apelativo, estamos impedidos de asumir jurisdicción sobre sus méritos.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso de revisión judicial, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones