Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| AZURE DEVELOPMENT, INC.<br><br>Apelado<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE LUQUILLO<br><br>Apelante | TA2025AP00698 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. LU2025CV00089<br><br>Sobre: Mandamus |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de marzo de 2026.

Comparece ante nos la parte apelante, el Municipio de Luquillo (en adelante, parte apelante o Municipio), y nos solicita la revisión de la *Sentencia,* emitida y notificada el 7 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala de Fajardo. Mediante esta, el Foro Primario le anotó la rebeldía al Municipio, y expidió el auto de *Mandamus* solicitado por la parte apelada, Azure Development, Inc. (en adelante, Azure o parte apelada).

Por los fundamentos que expondremos a continuación, *se revoca* la *Sentencia* apelada.

### I

El 28 de mayo de 2025 Azure presentó una *Solicitud de Mandamus.*[1] Mediante esta, señaló que era el dueño del Proyecto Punta La Bandera, cuyo permiso de urbanización, de nomenclatura 2016-119818-PCU-001661, alegadamente fue aprobado por la Oficina de Gerencia de Permisos. La parte apelada arguyó que, el pasado 11 de octubre de 2024, su representante, la señora Doris

---

[1] Apéndice del recurso, Entrada Núm. 1.

Maldonado Vallejo, acudió a la oficina de recaudaciones del Municipio, para realizar el pago correspondiente a los arbitrios y patentes municipales del referido proyecto. No obstante, según señaló, el señor José González, empleado de la aludida oficina, se negó a aceptar los mismos.

Arguyó que la parte apelante tenía un deber ministerial, según lo estatuido en el Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.*, de aceptar los pagos en controversia, así como de emitir el recibo correspondiente. Por ello, solicitó que se le ordenara al Municipio aceptar y procesar los referidos pagos, en un término de cinco (5) días. Igualmente, peticionó por la imposición de honorarios de abogado y costas relacionadas al recurso presentado.

Posteriormente, el 29 de mayo de 2025, se expidió el emplazamiento correspondiente.[2] No obstante, en dicho documento se consignó de forma errónea que el Municipio disponía de un término de treinta (30) días para presentar su alegación responsiva. En consecuencia, el 4 de septiembre de 2025, Azure presentó una *Urgente Moción para que se Rexpida [sic] Emplazamiento*, mediante la cual solicitó que se expidiera nuevamente el referido emplazamiento, con la advertencia de que el término correcto para presentar la alegación responsiva era de sesenta (60) días.[3] Ese mismo día, el Foro Primario ordenó su expedición, y, el 5 de septiembre de 2025, Azure diligenció personalmente el emplazamiento corregido.[4]

Así las cosas, y sin que la parte apelada solicitara la anotación de la rebeldía de la parte apelante, el 7 de noviembre de 2025 el Tribunal de Primera Instancia emitió una *Sentencia y Orden de Mandamus,* a escasamente tres (3) días de vencido el término para

---

[2] *Íd.*, Entrada Núm. 2.
[3] *Íd.*, Entrada Núm. 6.
[4] *Íd.*, Entrada Núm. 9, Anejo 1.

contestar el pliego.[5] En su determinación, se anotó la rebeldía al Municipio, y tras dar por admitidos los hechos expuestos en la demanda, el Foro Primario concluyó que el Municipio incumplió su deber ministerial, al no aceptar el pago de arbitrios y patentes municipales correspondiente al Proyecto Punto La Bandera de Azure. En consecuencia, declaró *Ha Lugar* la demanda y expidió el auto de *mandamus*. Asimismo, el Foro de Instancia ordenó al Municipio aceptar y procesar el pago en controversia dentro de un término de cinco (5) días, e impuso el pago de dos mil dólares ($2,000.00) por concepto de honorarios de abogado.

A los cinco (5) días de emitida la *Sentencia*, el 12 de noviembre de 2025, el Municipio presentó una *Moción Asumiendo Representación Legal [...]*, mediante la cual informó que contrató al licenciado Ricardo M. Prieto García, y solicitó que se aceptara su comparecencia.[6]

En igual fecha, presentó una *Moción Urgente del Municipio de Luquillo, al amparo de la Regla 65.[3] (c) de las de Procedimiento Civil solicitando Notificación Adecuada*.[7] En el pliego, el Municipio señaló que, en preparación para una vista de *injunction* del caso núm. FA2025CV00220, revisó el expediente del caso de epígrafe y se percató de que se le había anotado la rebeldía, así como que se había emitido la aludida *Sentencia*. Asimismo, el Municipio explicó que se disponía a presentar una solicitud de desestimación por falta de jurisdicción sobre la materia, y que, por error, anotó el 14 de noviembre de 2025 como fecha de vencimiento, y no el día 4 del mismo mes y año. Además, planteó que la *Sentencia* en rebeldía se notificó a la dirección física del Municipio, y no a la última dirección postal conocida por la parte apelada, en contravención a lo dispuesto en la Regla 65.3 (c) de las de Procedimiento Civil, 32 LPRA

---

[5] *Íd.*, Entrada Núm. 11.
[6] *Íd.*, Entrada Núm. 12.
[7] *Íd.*, Entrada Núm. 13.

Ap. V, R. 65.3. Por ello, solicitó que se notificara nuevamente el dictamen a la dirección postal, o, en la alternativa, que se le notificara a su representación legal.

Luego de evaluados los pliegos presentados por la parte apelante, el Tribunal de Primera Instancia emitió una *Orden,* mediante la cual declaró *No Ha Lugar* las solicitudes del Municipio.[8] Ese mismo día, el Municipio presentó una *Moción del Municipio de Luquillo, solicitando aclaración del alcalce [sic] de la Orden del 12 de noviembre de 2025,* en la cual expuso que, al tratarse de una persona jurídica, el Municipio solo podía comparecer por conducto de un abogado. [9] Por lo cual, la parte apelante le solicitó al Foro Primario que precisara si su determinación incluía denegarle al Municipio de su representación legal.

Al día siguiente, 13 de noviembre de 2025, el Tribunal de Primera Instancia emitió una *Orden.*[10] En lo pertinente, el Foro Primario dispuso lo siguiente:

> Este Tribunal no interviene en la libertad de contratación entre abogados y clientes. Ahora bien, en cuanto al caso LU202500089, el mismo es un caso inactivo sobre el cual el Tribunal ya emitió una determinación final. Por ello[,] no autoriza a abogados a entrar en el caso sobre un caso que ya está cerrado.
>
> [...].[11]

Así las cosas, el 17 de noviembre de 2025, el Municipio presentó una *Solicitud de Reconsideración de Sentencia y Desestimación por Falta de Jurisdicción.*[12] En su escrito, la parte apelante destacó que el Foro Primario emitió la Sentencia, *motu proprio,* sin que nadie le hubiese solicitado la anotación de rebeldía, ni que se dictara la misma. Además, insistió en que dicho dictamen no fue notificado a la dirección correcta. De igual forma, argumentó

---

[8] *Íd.*, Entrada Núm. 14.
[9] *Íd.*, Entrada Núm. 15.
[10] *Íd.*, Entrada Núm. 17.
[11] *Íd.*
[12] *Íd.*, Entrada Núm. 18.

que el Tribunal de Primera Instancia carecía de jurisdicción, dado a que Azure no tenía legitimación activa, toda vez que había vendido el predio donde se construiría el proyecto en cuestión. Asimismo, planteó que la reclamación era prematura, ya que el documento que la parte apelada presentó no constituía una autorización, sino una notificación de requisitos para la aprobación del permiso de urbanización. Por ello, alegó que no había un deber de acepar los pagos de arbitrios y patentes municipales. En adición, la parte apelante solicitó que el Foro Primario tomara conocimiento judicial de los siguientes casos: caso núm. FA2025CV00220, caso núm. SJ2024CV11740, caso núm. KLRA202400682, y caso núm. KLAN202500483, en los cuales Azure formaba parte y versaban sobre el desarrollo en cuestión. Por tales fundamentos, solicitó la desestimación de la causa de acción, así como que se dejara sin efecto la *Sentencia.* No obstante, el 18 de noviembre de 2025, el Tribunal de Primera Instancia declaró *No Ha Lugar* la petición.[13]

Inconforme, 18 de diciembre de 2025, el Municipio presentó su recurso de *Apelación* ante nos. Mediante este, la parte apelante hizo los siguientes señalamientos de error:

> Erró el TPI y abusó de su discreción cuando se negó a auscultar su propia jurisdicción, tras haber sido alertado sobre la falta de legitimación activa de la parte demandante.
>
> Erró el TPI y abusó de su discreción cuando se negó a auscultar su propia jurisdicción, tras haber sido alertado sobre la prematuridad de la controversia.
>
> Erró el TPI y abusó de su discreción cuando se negó a tomar conocimiento judicial sobre el caso civil núm. FA2025CV00220, donde todavía se atiende la controversia sobre la validez del mismo permiso que se utilizó como base para los arbitrios de construcción que motivaron el Mandamus.
>
> Erró el TPI y abusó de su discreción cuando se negó a tomar conocimiento judicial sobre los casos KLAN202500483, SJ2024CV11740 y KLRA202400682, todos vinculados al mismo permiso cuya validez o

---

[13] *Íd.*, Entrada Núm. 19.

nulidad está pendiente de adjudicación judicial en el caso civil núm. FA2025CV00220.

Erró el TPI y abusó de su discreción cuando anotó la rebeldía del Municipio de Luquillo sin que lo hubiese solicitado la parte demandante y cuando dictó sentencia en rebeldía, de forma automática.

Erró el TPI y abusó de su discreción cuando se negó a notificar la sentencia adecuadamente, según lo exige la Regla 65.[3] (c) de las de Procedimiento Civil.

Erró el TPI y abusó de su discreción cuando se negó a autorizar la representación legal del Municipio [sic] de Luquillo, cualificando el caso como uno inactivo, descartando totalmente los procedimientos post sentencia.

Erró el TPI y abusó de su discreción cuando expidió el auto de Mandamus e impuso al Municipio de Luquillo el pago de $2,000.00 por concepto de honorarios de abogados a favor de Azure, contrario al estado de derecho vigente.

Erró el TPI y abusó de su discreción cuando expidió el auto de Mandamus e impuso al Municipio de Luquillo el pago gastos, costas del pleito e intereses, a favor de Azure, contrario al estado de derecho vigente.

Por su parte, el 26 de enero de 2026, la parte apelada presentó su *Alegato en Oposición a Apelación y Solicitud de Confirmación de Sentencia.* Así, perfeccionado el recurso y con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II**

**A**

Cónsono con lo estatuido en la Regla 45.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, procede una anotación de rebeldía cuando una parte contra la cual se ha solicitado una sentencia que conceda algún remedio afirmativo, deje de presentar la correspondiente alegación o de defenderse en otra forma. *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221, 228 (2023). En nuestro sistema de ley, la rebeldía se concibe como la posición procesal que asume aquella parte que, tras ser requerido judicialmente, opta por no ejercitar su derecho a defenderse. R. Hernández Colón, *Práctica Jurídica de Puerto Rico; Derecho Procesal*

*Civil,* Lexis Nexis de Puerto Rico, Inc., 6ta Edición, 2017, pág. 327.

El remedio dispuesto en la antes aludida Regla opera en dos situaciones: cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o defenderse, o cuando una de las partes en un pleito incumple con algún mandato del tribunal, y este le impone la rebeldía a manera de sanción. *Mitsubishi Motor. v. Lunor y otros,* 212 DPR 807, 823 (2023). *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 100 (2002). El mismo, además, tendrá como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda, o aquella formulada contra el rebelde, y que se autorice al tribunal a dictar sentencia, si esta procede en derecho. *Martínez v. Inst. Cardiopulmonar,* supra, pág. 228*; Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).

En caso de la incomparecencia del promovido de una acción, la anotación de rebeldía sirve como método disuasivo contra aquellos cuya estrategia de litigación sea la dilación de los procedimientos. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Ed. Luiggi Abraham, 2000, T. II, pág. 750. En esencia, el trámite de rebeldía encuentra su fundamento en el deber de los tribunales de evitar que la disposición de las causas se vea detenida sólo porque una de las partes opte por obstruir su debida tramitación. *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 814-815 (1978). De este modo, este mecanismo funciona a manera de sanción contra aquel adversario a quien se le dio la oportunidad de refutar la conducta que se le imputó y cuya decisión fue no defenderse. *Álamo v. Supermercado Grande, Inc.,* 158 DPR 93, 101 (2002). Por tanto, y dado a que tal actuación no puede incidir en el derecho del promovente de la acción, la anotación de rebeldía tiene como consecuencia principal que se den por admitidos y bien

alegados los hechos en la demanda, procediendo entonces que el tribunal competente dicte la correspondiente sentencia. *Rodríguez Gómez v. Multinational Ins.,* 207 DPR 540, 554 (2021); *Ocasio v. Kelly Servs.,* 163 DPR 653, 671 (2005); *Álamo v. Supermercado Grande, Inc.,* supra, pág. 101.

Por otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3, faculta a los tribunales de justicia para dejar sin efecto una anotación de rebeldía, así como, también, la sentencia que en tal condición se emita, siempre que exista *causa justificada* para ello. En el ánimo de determinar si procede, o no, dicha actuación, la doctrina establece que deben estar presentes los siguientes requisitos: 1) la existencia de una buena defensa en los méritos; 2) que la reapertura del caso no ocasione perjuicios y; 3) que las circunstancias del caso no revelen el ánimo contumaz y temerario de la parte a quien le fue anotada la rebeldía. *Román Cruz v. Díaz Rifas,* 113 DPR 500, 506-507 (1982).

"[A]unque la rebeldía constituye un mecanismo procesal discrecional para el foro de instancia, tal discreción no se sostiene ante el ejercicio burdo o injusto". *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590. La rebeldía, como sanción, pretende estimular la tramitación de un pleito diligente, no así otorgar ventaja a una parte sobre la otra. Es por esto que, sometida a la consideración del tribunal una petición para dejar sin efecto una anotación de rebeldía, éste está llamado a interpretar de manera liberal la disposición estatutaria que regula el mecanismo en cuestión, atendiendo cualquier duda siempre a favor de la parte que se opone a la concesión de la rebeldía. Lo anterior responde a que nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 124 (1992). De esta forma, el empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la

política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica, salvaguardando así el derecho de todo litigante a tener su día en corte. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); *Rivera et al. v. Superior Pkg, Inc. et al.* 132 DPR 115, 124 (1992); *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993); Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1. Por tanto, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679 (1987).

**B**

Conforme resuelto por nuestro más Alto Foro en *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 827 (1980), el estado de derecho desautoriza la comparecencia, representación y defensa de los intereses de una persona jurídica, como demandante o demandada ante los tribunales de justicia, por conducto de un oficial que no es abogado. Así, como norma, las personas jurídicas no pueden comparecer, por derecho propio, representadas por una persona natural, sea accionista, oficial o tercero con interés, que no esté admitida a la profesión jurídica. De este modo, aunque una persona jurídica sea una entidad con capacidad para demandar y ser demandada, "no puede autorepresentar en los tribunales sus propios asuntos". *U.T.I.E.R. v. A.F.F.*, 137 DPR 818, 821 (1995). La interpretación doctrinal pertinente reconoce que la referida norma se fundamenta en consideraciones de política pública que impiden que, mediante el esquema que las caracteriza, las corporaciones se conviertan en subterfugios para que personas legas practiquen la profesión legal directa o indirectamente, ello, sin autoridad. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, supra, pág. 828; *González v. Alicea, Dir. Soc. Asist. Legal*, 132 DPR 638, 641 esc. 1(1993).

**III**

Limitaremos nuestro análisis al *quinto* y *séptimo* de los errores planteados, en la medida en que estos resultan suficientes para disponer del recurso ante nuestra consideración. Mediante los referidos señalamientos, la parte apelante arguyó que el Tribunal de Primera Instancia incidió al emitir la *Sentencia* apelada en rebeldía, así como al no autorizar la representación legal del Municipio.

En primer lugar, y conforme al marco doctrinal vigente, nuestro ordenamiento jurídico no le reconoce a las personas jurídicas la facultad de comparecer por derecho propio. Estas deben estar representadas por personas naturales que hayan sido debidamente admitidas al ejercicio de la abogacía en Puerto Rico. Sin embargo, a pesar de que es hartamente conocido que un dictamen es final y firme cuando han transcurrido los términos para apelar, en el caso ante nuestra consideración, a escasamente cinco (5) días de haber emitido la *Sentencia,* el Foro *a quo* rechazó la comparecencia de la representación legal del Municipio, fundamentándose erróneamente en que el pleito estaba *inactivo.* A nuestro juicio, tal determinación tuvo el efecto de privar al Municipio de su derecho a estar debidamente representado, por lo que concluimos que se cometió el error señalado por la parte apelante.

Por otra parte, la parte apelante arguyó que el Foro apelado incidió al emitir la referida *Sentencia* en rebeldía. Tal y como expusiéramos, la anotación de rebeldía constituye el mecanismo procesal que sirve a manera de disuasivo contra la dilación de los procedimientos y estimula la tramitación diligente de toda causa judicial. La misma se percibe como una "sanción" contra todo promovido a quien se le dio la oportunidad de refutar la conducta que se le imputó mediante la presentación de determinada demanda, y cuya decisión fue no defenderse, ello a fin de propender a la celeridad de los procedimientos. No obstante, la doctrina

interpretativa pertinente a la materia que atendemos, en la consecución de la premisa normativa que favorece el que los pleitos se vean en sus méritos, reconoce ciertas excepciones que permiten dejar sin efecto una anotación de rebeldía. Así pues, cuando la parte interesada aduzca una buena defensa, que no sea producto de un ánimo temerario ni contumaz y, a su vez, cuando su validación no cause perjuicios indebidos, entonces se entiende que ha mediado una causa justificada para dejar sin efecto la anotación de rebeldía.

A pesar de que reconocemos que el Tribunal de Primera Instancia tiene la potestad para dictar sentencia en rebeldía *motu proprio*, en este caso el Foro Primario emitió el referido dictamen apenas tres (3) días de que venciera el término para que la parte apelante compareciera. Sin embargo, no emana del expediente un ánimo contumaz de parte del Municipio, tendente a postergar una pronta adjudicación. Más bien la parte apelante demostró un interés en defenderse de la reclamación presentada en su contra. A solo cinco (5) días de notificada la *Sentencia,* el Municipio compareció y explicó que su incomparecencia inicial se debió a una confusión respecto a la fecha de vencimiento para presentar su alegación responsiva. Asimismo, informó que se disponía a presentar una solicitud de desestimación por falta de jurisdicción sobre la materia. A esos efectos, presentó un sinnúmero de defensas que, a nuestro juicio, ameritaban consideración. Entre estas, planteó la ausencia de legitimación activa de la parte apelada y la prematuridad de la causa de acción.

De esta forma, y en aras de un quehacer adjudicativo razonable, entendemos que se debió dejar sin efecto la *Sentencia* en rebeldía, y, por consiguiente, procede levantar la rebeldía al Municipio para otorgarle su derecho a invocar las defensas que crea

necesarias durante el pleito. De este modo, procede revocar el dictamen apelado.

**IV**

Por los fundamentos esbozados anteriormente, *revocamos* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones